ELECTRONICALLY FILED
2014 Oct 31 PM 12:10
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2014-CV-001023

**In the District Court of Wyandotte County, Kansas**

| | |
|---|---|
| Mary Tripp, | |
| Plaintiff, | Case Number:_____ |
| vs. | |
| | Division: _____ |
| Berman & Rabin P.A. | |
| And | Class Action Petition |
| Velocity Investments, LLC, LLC | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Comes now Plaintiff Mary Tripp, individually and on behalf of those similarly situated, and moves the Court for an Order Certifying a Class Action in the above captioned case. In support thereof, Plaintiff states:

I.        **Introduction**

1. This is a class action against Berman & Rabin, P.A. and Velocity Investments, LLC. It stems from a January 29, 2014 pre-litigation demand letter sent by, Defendant Velocity Investments, LLC, through its attorney and agent Defendant Berman & Rabin, P.A., to Plaintiff demanding payment on a consumer debt.   That letter is attached hereto as Exhibit A and incorporated by reference.  Exhibit A states, in pertinent part, states the alleged indebtedness to Defendant Velocity Investments LLC as "Balance:  $10,717.97, $2,959.92 accrued interest and/or late charges, attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court, 10% interest per annum from April 27, 2011.

15 U.S.C. §1692g(a)(1) of the Fair Debt Collection Practices Act requires that in its initial demand or within five days thereafter, a debt collector must send the consumer a written

notice containing the amount of the debt to enable the debtor to timely dispute the debt.  In no way would Exhibit A inform Plaintiff, or anyone for that matter, how much was being demanded for payment as of January 29, 2014.  Therefore, the letter violated 15 U.S.C. §1692g(a)(1).

Furthermore, the letter violated Defendant has further violated 15 U.S.C. §1692e(2)(A)(3) of the Fair Debt Collection Practices Act which states: A debt collector cannot falsely represent the character, amount, or legal status of any debt.  If, in fact, no attorney's fees had been incurred at the time of the letter, and were included in the balance, the Defendant has misstated the character and legal status of the balance due.  *Matthew Kalebaugh v. Berman & Rabin, P.A.*, 13-2288-DDC-TJJ (Kan. 2014); *Jessie L. Ray v. Berman & Rabin, P.A.* 13-2289-DDC-TJJ (Kan. 2014).

Plaintiff seeks to represent two classes consisting of persons in Kansas who were sent this letter from Berman & Rabin, P.A.  The first class consists of all persons in Kansas who were sent this letter (Class A).  Class A is a claim against Berman & Rabin, P.A. only.  Class B consists of all persons in Kansas who were sent this letter from Berman & Rabin, P.A. on behalf of Defendant Velocity Investments, LLC.  Class B is a claim against Berman & Rabin, P.A. and Velocity Investments, LLC.

## II.        The Claims at Issue

The sole issue at a class certification hearing is whether the class action is procedurally preferable, not whether the plaintiffs will succeed on the merits. *Critchfield Physical Therapy v. The Taranto Group Inc.,* 293 Kan. 285, 263 P.3d 767 (2011). Furthermore, Mary Tripp is not required to prove the facts of the underlying cause of action to certify the class. Nevertheless, a description of Plaintiff's claims is useful in analyzing the need for class treatment.

### A. Fair Debt Claims.

15 U.S.C. §1692g(a)(1) of the Fair Debt Collection Practices Act requires that in its initial demand or within five days thereafter, a debt collector must send the consumer a written notice containing the amount of the debt to enable the debtor to timely dispute the debt.  In no way would Exhibit A inform Plaintiff, or anyone for that matter, how much was being demanded for payment as of January 29, 2014, because the letter states that the debt includes unspecified "attorney fees (if applicable)."   Therefore, the letter violated 15 U.S.C. §1692g(a)(1). Furthermore, the letter violated Defendant has further violated 15 U.S.C. §1692e(2)(A)(3) of the Fair Debt Collection Practices Act which states: A debt collector cannot falsely represent the character, amount, or legal status of any debt.  If, in fact, no attorney's fees had been incurred at the time of the letter, and were included in the balance, the Defendant has misstated the character and legal status of the balance due.  *Matthew Kalebaugh v. Berman & Rabin, P.A.,* 13-2288-DDC-TJJ (Kan. 2014); *Jessie L. Ray v. Berman & Rabin, P.A.* 13-2289-DDC-TJJ (Kan. 2014).

III.     **Class Definition**

The classes that Defendants created as a result of its unlawful collection efforts while being unlicensed consists of the following persons:

Class A - all Kansas persons to whom Defendant Berman & Rabin, P.A. sent a letter containing the language quoted in Exhibit A above within one year of the filing of this petition.

Class B - all Kansas persons to whom Defendant Berman & Rabin, P.A. on behalf of Defendant Velocity Investments, LLC sent a letter containing the language quoted in Exhibit A above within one year of the filing of this petition.  Class B is a sub-class of Class A.

The class definition does not have to identify every individual member of the class from the outset. They must only identify a group of plaintiffs by describing a set of common characteristics such that a class member might demonstrate a right to recovery based on the description of the class. *Critchfield Physical Therapy,* 263 P.3d at 771.

IV.     **The Class Action is Appropriate**

**A. The Purpose of a Class Action**

Class action lawsuits are appropriate where the number of parties interested in the subject of the litigation is so great that it is impracticable to join them under the usual rules of civil procedure. *Hansberry v. Lee,* 311 U.S. 32 (1940). Class actions also permit plaintiffs to pool claims that would be uneconomical to litigate individually and which provide little incentive for individuals to bring solo actions to protect their rights. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985).

Also, the likelihood is that unsophisticated consumers may not even be aware that they have been misled. Such is the case here.

Courts have been particularly sensitive to the need for class actions in cases involving consumers because they typically involve small claims that cannot be litigated economically on an individual basis. As one court aptly noted:

> In a large and impersonal society, class actions are often the last barricade of consumer protection ... To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action - private suits or governmental actions - have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. *Eshaghi v. Hanley Dawson Cadillac* Co., 574 N.E.2d 760, 764-66 (Ill. App. 1991).

**B.  The Requirements for Class Certification.**

K.S.A. §60-223(a) sets out four general requirements for class certification - numerosity, commonality, typicality and adequacy of representation - which are described as follows:

(1) The class is so numerous that joinder of all members is impracticable;

(2) There are questions of law or fact common to the class;

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) The representative parties will fairly and adequately protect the interests of the class.

In addition to the four requirements of K.S.A. §60-223(a), Plaintiff must show *one* of the three following attributes of K.S.A. §60-223(b):

(1) Prosecuting separate actions by or against individual members would create a risk of: (A) Inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party

5

opposing the class; or (B) adjudications with respect to individual class members that as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) The class member's interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. K.S.A. §60-223.

### C. The Plaintiff's Burden

Although class representatives have the burden of demonstrating that the requirements for a class action have been met, any doubts in this regard must be resolved in favor of class certification: "the interests of justice require that in a doubtful case ... any error, if there is to be one, should be committed in favor of allowing the class action." *Esplin v. Hirsch*, 402 F.2d 94, 101(10th Cir. 1968); *accord Kahan v. Rosenstiel,* 424 F.2d 161, 169 (3rd Cir. 1970).

Another reason courts err on the side of class certification is that a certification order is conditional and can be modified later if needed. *Daigle v. Shell Oil* Co., 133 F.R.D. 600, 602 (D. Colo. 1990). Class certification requires only "a prima facie showing that the class prerequisites are satisfied." *Dragon v. Vanguard Industries Inc.,* 277 Kan. 776, 793, 89 P.3d 908 (2004).

Not long ago, the Kansas Supreme Court conducted a thorough analysis of class actions in consumer cases in Kansas. *Critchfield Physical Therapy v. The Taranto Group Inc.,* 293 Kan. 285, 263 P.3d 767 (2011).  In doing so, the Court quoted and adopted the following rationale

from *Display South v. Express Computer Supply,* 961 So.2d 451, 455 (La. App. 2007), the court held:

> It is not necessary for [the Plaintiff] to prove the facts of the underlying cause of action. Class certification is purely procedural. Therefore, the issue at a class certification hearing is whether the class action is procedurally preferable, not whether any of the Plaintiffs will be successful in urging the merits of their claims. [Citation omitted.]

The *Critchfield* court ruled that it was unnecessary for the plaintiff to prove at the time of certification that all or most of the potential class were entitled to damages or identify every individual member of the class from the outset. Instead, Plaintiff need only describe the group of potential class members by presenting a set of common characteristics such that a member of the group may demonstrate a right to recovery based on the description. The plaintiff need only present "sufficient evidence and reasonable allegations based on that evidence and the statutory scheme to allow the district court to conclude that class certification was appropriate, analyzing each factor in light of the proffered evidence." *Critchfield Physical Therapy,* 263 P.3d at 776.

### D.  The Court's Standard of Review

The standard of review for the decision to certify a class is abuse of discretion. Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward,* 292 Kan. 541, 550, 256 P.3d 801(2011), *citing State v. Gonzalez,* 290 Kan. 747, 755-56, 234 P.3d 1 (2010). The amount and degree of such discretion depends on the "character of the question presented for determination." *Critchfield Physical Therapy,* 263 P.3d at 775. However, when the discretionary decision is made within the legal standards and takes into account the proper factors, the decision will withstand review "even if it appears unwise." *Critchfield Physical Therapy,* 263 P.3d at 775.

When deciding whether to certify a proposed class for a class action lawsuit, a district court must rigorously analyze the proffered evidence to determine whether the Plaintiffs have met or are likely to meet the statutory requirements for certification. The district court is not, however, required to conduct a mini-trial with extensive fact-finding before certifying a class or denying certification to a class. *Critchfield Physical Therapy,* 263 P.3d at 775.

### E.  This Case Meets the Requirements of K.S.A. §60-223(a)

#### 1.  Numerosity

A named class action plaintiff is not required to allege the exact number or identity of the class members, but the class definition must be sufficiently specific that it is possible to determine whether a party is a member of the class. *Critchfield Physical Therapy,* 263 P.3d at 775. Kansas courts have certified classes containing as few as 23 to 40 members. *Shupbach v. Continental Oil* Co., 394 P.2d 1, 5 (1964) (23 class members sufficient); *Shutts v. Phillips Petro.*

Co., S67P.2d 1292, 1315 (1977) (citing a case for certification with fewer than 30 members); *Sternberger v. Marathon Oil* Co., 894 P.2d 778, 807 (1995) (38 member subclass). Because the letter was a form letter sent by Defendant Berman & Rabin, P.A. for over a year, numerousity is met.

### 2.     Commonality.

K.S.A. §60-223(a)(2) requires that there be at least one question of law *or* fact common to the class. *Shutts v. Phillips Petroleum Co.,* 679 P.2d 1159 (Kan. 1984), *cert. granted* 469 U.S. 879, *affirmed in part*, *reversed in part*, 47 U.S. 797, *on remand* 732 P.2d 1268. Commonality shall be liberally construed. *Gray v. Amoco Production* Co. 564 P. 2d 579, 586 (Kan. App. 1977). Not every question of law or fact need be common to the class and the threshold is not high. *Schreiber v. NCAA*, 167 F.R.D. 169, 173 (D. Kan.1996); *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). It only requires that the proposed class members have suffered the same injury and that their claims depend on a common contention that is capable of class-wide resolution. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. ___, 131 S. Ct. 2541, 2551 (2011). And, there is no requirement that the members be identically situated, but only that there be factual or legal questions common to all members. *Jensen u. Continental Financial Corp.,* 404 F. Supp. 806 (D. Minn. 1975). Therefore, if a claim "arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment." *Donaldson u. Ffllsbury* Co., *554* F.2d 825, 831 (8th Cir.) *cert. denied,* 434 U.S. 865 (1977).

This case meets the commonality requirement because the letter sent is a form letter wherein the same representation was made to the entire class. The representation would have only differed as to the amount demanded, which does not affect the analysis of whether the form

of the letter violates the FDCPA.   The Defendants collect consumer debts, therefore the Defendants are both debt collectors as defined by the FDCPA and owe all class members the same duty pursuant to the FDCPA.

### 3.   Typicality.

Typicality requires a showing that the class members have the same or similar grievances as the class representative. *Donaldson*, 554 F.2d at 830. This burden is easily met as long as other class members have claims similar to the class representative. *DeBoer v. Mellon Mortg. Co., 64 F.3d 117,* 1174 (8th Circ. 1998). The crucial question is whether the class representative and the class can point to the same broad course of conduct to support a claim for relief. The requirement is satisfied when the "claims of [class representative] emanate from the same legal theory as the claims of the class members." *In re Workers' Compensation,* 130 F.R.D. 99, 105 (D.Minn. 1990). As with the commonality requirement, the claims or defenses need not be identical. *In re Aluminum Phosphide Antitrust Litig.,* 160 F.R.D. 609, 613 (D. Kan. 1995). A finding of commonality, because it is closely related to typicality, often results in a finding of typicality. *Stewart v. Associates Consumer Discaunt Company,* 183 F.R.D. 189, 196 (E.D. Pa. 1998).

Plaintiff is typical because she received the same form letter as the class members.  The only variance in the letters is the numbers demanded, which does not affect the analysis of whether the form violates the FDCPA.

### 4.  Adequacy

To be an adequate representative for the class, Plaintiff's claim must be sufficiently interrelated, and not in conflict with those of the class members so that she would be expected to pursue the interests of the absent class. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180,

1188-89 (10th Cir. 2002).  Plaintiff's interests in this case are aligned with the interests of the class. They both stand to recover an award of damages if Defendants' form letter violates the FDCPA as alleged. Given the identity of claims between Plaintiff and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the class representative and those of the class. Finally, Plaintiff has retained counsel with experience handling FDCPA and KCPA claims, and class actions. *See* Declarations A.J. Stecklein and Keith J. Keogh, attached as Exhibits B and C. All the requirements of K.S.A. §60-223(a) are met.

### F.  The K.S.A. §60-223(b) Requirements

In addition to finding the general requirements of K.S.A. §60-223(a), the Court must find that the case meets *one* of the three alternatives of K.S.A. §60-223(b). This case meets the predominance/superiority alternative of §60-223(b)(3).

The predominance requirement of §60-223(b)(3) requires that a common question of law or fact predominate and that a class action is superior to other methods of adjudication. Predominance does not require that every issue in the case be common to all the class members. It only requires that common issues *predominate* over the individual issues. *Critchfield Physical Therapy,* 263 P.3d at 778.

As explained in the commonality and typicality arguments, the questions of law regarding the legality of sending a form collection letter that fails to permit the least sophisticated consumer to determine the amount of the debt, because it expressly states the recipient may or may not also owe attorney fees, predominates over any individual aspect of this case. There are no individual facts to determine regarding whether the least sophisticated consumer would be confused by the form of this letter. The class members are easily identified from Defendant's records kept in terms of to whom the form letter was sent.

The superiority element of K.S.A. §60-223(b)(3) is met because a single class action in this case is superior to having hundreds of individual actions to litigate the legality of the same conduct for several reasons.

      1.      **Judicial Resources.**

It would make no sense to require the courts of this state to address the same legal issue presented by this case in multiple, perhaps hundreds of lawsuits.

The Kansas Supreme Court recently spoke in *Critchfield* on this issue as follows:

> We do not agree with the defendant's contention that over 100,000 individual small claims actions would be superior to a single class action. While the defendant in such an action might benefit if only a small number of plaintiffs found it worth their while to bring suit or were aware of their rights under the TCPA, this small turnout would serve only to frustrate the intent of the TCPA and to protect junk fax advertisers from liability. It would, accordingly, not provide a "superior" method for individual plaintiffs. If, on the other hand, many hundreds of plaintiffs elected to pursue their rights in small claims courts, those courts would be overwhelmed, plaintiffs would have to invest time and money in prosecuting their claims, and the defendant would have to appear in hundreds of actions around this state and other states. See *Landsman & Funk PC v. Skinder-Strauss Associates,* 640 F.3d 72, 95 (3d Cir. 2011) (little reason to believe individual actions automatically efficient, and hundreds of TCPA actions may be more efficiently brought as single class
> action). The small claims alternative is contrary to the policy behind Federal Rule 23(b)(3), which the Kansas statute resembles.

2.      **Economics.**

The legislature has anticipated that many actions, individual or class, will entail recoveries of a nature small enough that a consumer could neither afford nor economically justify hiring counsel by the hour in a traditional sense. Under this framework, one class action is far superior to hundreds of individual actions because the legal resources and attorney time and fees expended on both sides a.re far more expensive and duplicative in the hundreds of individual actions. In the end, it is more economical to handle this matter as a single class action. *Critchfield Physical Therapy v. The Taranto Group Inc.,* 293 Kan. 285, 263 P.3d 767 (2011).

3.      **Consumer unawareness.**

When analyzing superiority, it is important to remember the segment of society that the consumer protection laws at issue are designed to protect and the standard from which consumer law is based - the least sophisticated consumer. This case concerns a legal issue that hundreds of consumers could not have been expected to understand. In addition, superiority should be considered in the circumstances under which the case is brought – the laws at issue are designed to protect the unaware because they expressly create a right of action when Defendant engages in false, misleading or deceptive conduct. Therefore, in evaluating whether a class action is the superior method the Court should consider the likelihood of class members being sufficiently aware of their rights to bring their own individual actions.

In affirming a class action certification in *North Star Capital Acquisition LLC*, the Kansas Court of Appeals stated that the defendant's argument against class certification "presumes that individual plaintiffs would know that they have a potentially viable lawsuit ... and that they will pursue it." *See North Star Capital Acquisition u. Dennis Budd,* at 9, Kansas Court of Appeals, opinion 105,060 (unpublished), filed on January 6, 2012. And, that same point was made in

13

federal court when it noted that the majority of class members were unaware that their rights were violated and the majority of class members would be unlikely to retain counsel and bring suit. *Macarz v. Transworld Systems, Inc.*, 201 F.R.D. 54 (D. Conn. 2001).

Additionally, the notice requirement of the class action mechanism will put those otherwise unaware consumers on notice of their rights and allow them the option to pursue Defendant individually.

All of the above factors militate in favor of class certification under K.S.A. §60-223(b)(3).

## V.        Appointment of Class Counsel

K.S.A. §60-223(g) requires that a court that certifies a class must appoint class counsel. In appointing her as class representative, Plaintiff asks the Court appoint her counsel of record. The statute requires that the court consider counsels' experience in handling class actions and the types of claims asserted in the action; counsel's knowledge of the applicable law; and resources that counsel will commit to representing the class. As demonstrated in the declarations of A.J. Stecklein and Keith Keogh filed with this motion, Plaintiff's counsel satisfy all of these concerns.

## VI.       Conclusion

Plaintiff has shown that each of the prerequisites for class certification is satisfied. Her case challenges practices that are common to all class members and are grounded in Defendant's form letter. The class members' claims are too small to feasibly pursue individually, yet are far too significant in the aggregate to be left without a meaningful remedy. Resolution of these claims in a class action is both proper and feasible, as well as the just and right thing to do.

Therefore, Plaintiff prays this Court issue an Order finding that the proposed class is so numerous that joinder of all members is impracticable; that there are questions of law or fact

common to the class; that the claims of Plaintiff are typical of the claims of the class; that Plaintiff and her attorneys will fairly and adequately protect the interests of the class; and that the common questions predominate and that a class action is a superior method for resolving this case.

Further, Plaintiff prays this Court certify this case as a class action; appoint Plaintiff's counsel as class counsel; approve a form of Notice of Class Action; direct that Notice be disseminated in the most cost effective and comprehensive manner; and establish a deadline for requests for exclusion from the Classes, and for any further relief the Court deems necessary and just.

Respectfully Submitted,

By: ___/s/ A.J. Stecklein___
A.J. Stecklein #16330
Michael H. Rapp # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
        mr@kcconsumerlayer.com
Attorneys for Plaintiff