## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Mary Tripp, | |
| Plaintiff, | Case Number: 14-cv-2646-DDC-KMH |
| vs. | |
| Berman & Rabin P.A. | |
| And | Class Action |
| Velocity Investments, LLC, LLC | |
| Defendants. | |

### PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiff, Mary Tripp, individually and on behalf of those similarly situated, moves the Court for an Order Certifying a Class Action in the above captioned case. Plaintiff is filing this motion now to prevent her claims from being mooted before receiving a full opportunity to adequately present the class certification issue to the Court. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011); *see also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011). Plaintiff requests leave to file a memorandum in support of this motion after appropriate discovery. *See Damasco*, 662 F.3d at 897. In support of this motion, Plaintiff states:

### I.    Introduction

This proposed class action against Berman & Rabin, P.A. ("Berman") and Velocity Investments, LLC ("Velocity") arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"). (Doc. 3). The case turns on the legality of a form demand letter that Velocity, through its attorney and agent Berman, sent Plaintiff and numerous other consumers to demand payment of consumer debts. (*Id.* at ¶13-¶15, ¶28).

The form letter, which is attached here as Exhibit A and incorporated by reference, describes the debt allegedly owed to Velocity as: "Balance:  $10,717.97, $2,959.92 accrued interest and/or late charges, *attorney fees (where applicable)*, the exact amount to be determined by agreement between you and us or by a court, 10% interest per annum from April 27, 2011." (emphasis added). In other words, the letter says that attorneys' fees may be part of the debt, but does not state whether that is the case or what amount of fees is claimed to be owed, leaving the recipient to wonder.

Plaintiff alleges that this form letter violates §1692g(a)(1) of the FDCPA. Section 1692g(a)(1) requires a debt collector, in its initial communication or within five days thereafter, to give the consumer a written notice stating the amount of the debt, to enable the consumer to timely dispute the debt. However, because of its equivocation about attorneys' fees, in no way would Exhibit A inform Plaintiff, or anyone for that matter, how much was being demanded for payment as of the date of the letter. *See* Memorandum Order in *Kalebaugh v. Berman & Rabin, P.A.*, 13-2288-DDC-TJJ (Kan. 2014) and *Jessie L. Ray v. Berman & Rabin, P.A.* 13-2289-DDC-TJJ (Kan. 2014), attached as Exhibit B, at pp. 12-15.

Plaintiff also alleges that this form letter violates §1692e(2)(A) of FDCPA. Section 1692e(2)(A) bars a debt collector from falsely representing the character, amount, or legal status of any debt. By suggesting the debt may include attorneys' fees when it may not, the form of the letter in Exhibit A misstates the character of the debt. *See* Memorandum Order in *Kalebaugh/Ray*, attached as Exhibit B, at pp. 19-20.

Plaintiff seeks to represent two classes of persons in Kansas to whom a materially identical form letter was sent. The first class consists of all persons in Kansas to whom Berman sent a letter containing the language quoted above (except for the specific dollar figures) within one year of

the filing of the petition initiating this lawsuit (Class A). (*See* Doc. 3, ¶28). Class A is against Berman only. The second class consists of all persons in Kansas to whom Berman sent a letter containing the quoted language above (except for the specific dollar figures) on behalf of Velocity within one year of the filing of the petition initiating this lawsuit. (*See Id.*) Class B is against Berman and Velocity. Class B is a subclass of Class A. (*Id.*)

Because the success or failure of both classes' claims turn on the yes or no question of whether the form letter violates the FDCPA, this case is ideal for class certification.

## II.     The Case Satisfies Both the Purposes and Requirements for Class Certification.

The sole issue at the class certification stage is whether the case meets the procedural requirements for class certification under Federal Rule 23, not whether Plaintiff will succeed on the merits. *See CGC Holding Co., LLC v. Hutchens, et al.*, No. 13-1255, No. 13-1257, No. 13-1258, 2014 U.S. App. LEXIS 23043 at *20 (10th Cir. December 8, 2014) ("our primary function is to ensure that the requirements of Rule 23 are satisfied, not to make a determination on the merits of the putative class's claims.") As explained below, this case easily satisfies both the purposes and the procedural requirements for class certification.

### A.     The Purposes of a Class Action

A "principal purpose" of class action lawsuits is "efficiency and economy of litigation" by aggregating and resolving like claims of numerous persons in a single action. *See American Pipe & Constr. Co. v. Utah,* 414 U.S. 553 (1974). Class actions also appropriate to enable plaintiffs to pool claims that would be uneconomical to litigate individually and/or for which there is insufficient incentive for individuals to bring solo actions to protect their rights. *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997).

Courts have been particularly sensitive to the need for class actions in cases involving consumers, like the instant case, because consumer cases typically involve small claims that cannot be litigated economically on an individual basis. As one court aptly noted:

> In a large and impersonal society, class actions are often the last barricade of consumer protection ... To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action -- private suits or governmental actions -- have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. *Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 574 N.E.2d 760, 764-66 (Ill. App. 1991) (citation omitted).

### B.      The Requirements for Class Certification.

Federal Rule 23(a) sets out four general requirements for class certification - numerosity, commonality, typicality and adequacy of representation, describing them as follows:

> (1) The class is so numerous that joinder of all members is impracticable;

> (2) There are questions of law or fact common to the class;

> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> (4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition to showing the case meets these requirements, Plaintiff must also show the case meets *one* of the three elements of Rule 23(b). *CGC Holding Co., LLC*, 2014 U.S. App. LEXIS 23043 at *17. Here, Plaintiff will show the classes meet Rule 23(b)(3), which requires that:

> questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

*Id.* at *18, *quoting* Fed. R. Civ. P. 23(b).

**C.      The Plaintiff's Burden.**

Although class representatives have the burden of demonstrating that the requirements for a class action have been met, any doubts in this regard must be resolved in favor of class certification: "the interests of justice require that in a doubtful case ... any error, if there is to be one, should be committed in favor of allowing the class action." *Esplin v. Hirsch*, 402 F.2d 94, 101 (10th Cir. 1968).

One reason courts err on the side of class certification is that a certification order is conditional and can be modified later if needed. *Daigle v. Shell Oil* Co., 133 F.R.D. 600, 602 (D. Colo. 1990); *see also* Fed. R. Civ. P. 23(c)(1)(C). Accordingly, class certification requires only "a prima facie showing that the class prerequisites are satisfied." *See Dragon v. Vanguard Industries Inc.,* 89 P.3d 908 (2004). The determination of whether class certification is appropriate is a matter within the Court's discretion. *CGC Holding Co., LLC*, 2014 U.S. App. LEXIS 23043 at *15.

**D.      This Case Meets the Four Requirements of FRCP 23(a)**

**1.      This Case Meets the Numerosity Requirement of Rule 23(a)(1).**

The test for numerosity is that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no set minimum number of class members needed to establish numerosity, but a class of as few as 46 has been deemed sufficient. *See Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275 (10th Cir. 1977). Also, it is not necessary to identify each class member (*see Id.* at 276), and the court may find numerosity based on common sense assumptions. *See Pinkston v. Wheatland Enters.*, 11-cv-2498, 2013 U.S. Dist. LEXIS 43247 at *9 (D. Kan. Mar. 27, 2013). Common sense dictates that the classes are sufficiently numerous

here because they contains all persons to whom Defendants sent a form collection letter over of the course of an entire year. (Doc. 3 at ¶28).

### 2.     This Case Meets the Commonality Requirement of Rule 23(a)(2).

The test for commonality is whether the class claims present "questions of law *or* fact common to the class." Fed. R. Civ. P. 23(a)(2) (emphasis added). It is not necessary to show that all questions among the class members are common, or even that all class members' claims present a situation identical to the named plaintiff. *DG v. Devaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010). Instead, a "finding of commonality requires only a single question of law or fact common to the entire class." *Id.* at 1195.

This case presents multiple common questions for the class. First, it presents the common questions of whether the form collection letter Defendants sent Plaintiff and each class member violates §1692g(a)(1) and §1692e(2)(A) as alleged. Second, it presents the common question of what amount of statutory damages should be awarded to the class for these violations – the FDCPA expressly allows an award of statutory damages to a class, and provides a multifactor test for determining that award. *See* 15 U.S.C. §1692k(a)(2)(B), and (b)(2). Thus, the case meets the commonality requirement. *See*, *e.g.*, *Annunziato v. Collecto, Inc.*, 293 F.R.D. 329, 339 (E.D.N.Y. 2013) ("the common question presented is whether the form letters sent by the Defendant violated numerous provisions of the FDCPA."); *Hale v. AFNI, Inc.*, 264 F.R.D. 402, 405 (N.D. Ill. 2009) ("the principal legal question is whether these letters violate the FDCPA. Plaintiffs have therefore satisfied Rule 23's commonality requirement.")

### 3.     Plaintiff's Claim Meets the Typicality Requirement of Rule 23(a)(3).

Plaintiff's claim is "typical" of the class members' claims if they "are based on the same legal or remedial theory." *DG*, 594 F.3d at 1198-99. However, their claims need not be identical. *Id.* at 1199 ("differing fact situations of the class members do not defeat typicality.")

This standard is easily met here because Plaintiff's and the class members' claims are based on identical legal or remedial theories. Specifically, their claims all assert that the text of the form letter that Defendants sent each of them violates the same provisions of the FDCPA in the same way. Accordingly, Plaintiff satisfies the typicality requirement.

### 4.     Plaintiff and Her Counsel Meet the Adequacy Requirement.

The adequacy element of Rule 23(a)(4) requires that Plaintiff and her counsel be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). For Plaintiff, this means her interests must be aligned with the class members interests, and not conflict. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002); *see also Nieberding v. Barrette Outdoor Living, Inc.*, 302 F.R.D. 600 (D. Kan. 2014). Here, Plaintiff's interests are aligned with the class's interests because proving Defendant's form letter violates the FDCPA for her own claim will also prove it violates the FDCPA as to the class, and because both she and the class stand to recover an award of statutory damages if their claims are successful. *See* 15 U.S.C. §1692k. Moreover, Plaintiff has no interests antagonistic to those of the class. Finally, Plaintiff's counsel are adequate because of their experience handling FDCPA and KCPA claims, as well as class actions. *See* Declarations A.J. Stecklein and Keith J. Keogh, attached as Exhibits <u>C</u> and <u>D</u>.[1] All the requirements of Rule 23(a) are met.

---

[1] Mr. Keogh is in the process of seeking leave to appear pro hac vice.

E.      **This Case Satisfies the Requirements of Rule 23(b)(3).**

Having satisfied each of the requirements of Federal Rule 23(a), the case also needs to satisfy one subjection of Rule 23(b). *CGC Holding Co., LLC*, 2014 U.S. App. LEXIS 23043 at *17. Plaintiff seeks certification under subsection (3) of that rule.

Subsection (3) imposes two requirements: (i) that the common questions of law or fact predominate over any questions affecting only individual class members; and (ii) that a class action is a superior method for fairly and efficiently resolving the controversy. *Id.* at *18. This case easily meets both requirements.

1.      **Common Questions Predominate.**

The predominance requirement of Rule 23(b)(3) requires that the common questions of law or fact predominate over any questions of law or fact that only affect individual class members. As the Rule expressly contemplates that individual issues may exist, it does not require all issues raised in the case to be common among the class members, or even that common questions be dispositive. *CGC Holding Co., LLC*, 2014 U.S. App. LEXIS 23043 at *18, *citing Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S.Ct. 1184, 1196 (2013). Instead, "predominance" of common issues simply means that the common issues are more "prevalent or important" that any non-common issues presented. *CGC Holding Co., LLC*, 2014 U.S. App. LEXIS 23043 at *18-*19, *citing Newberg on Class Actions*, §4:49 at 195-96 (5th ed. 2012).

That is the case here. The common questions are more important than any individual issues because, as shown in the discussion of Rule 23(a)(2)'s commonality requirement above, they dictate the outcome of the case and the recovery. They dictate outcome because the common questions of whether Defendants' form letter violates §1692g(a)(1) and §1692e(2) of the FDCPA will determine Defendants' liability. Common questions also dictate the class's recovery because

the FDCPA provides a single formula for determining the statutory damages award. *See* 15 U.S.C. §1692k(b)(2). Indeed, not only are the common questions here "more important" than any questions affecting only individual class members, but it is not clear that this case presents questions affecting only individual members. Thus, common questions predominate. *See*, *e.g.*, *Sharf v. Fin. Asset Resolution, LLC*, 295 F.R.D. 664, 671 (S.D. Fla. 2014) ("Because the main issue in dispute in this case is whether form letters sent to Plaintiff and all other class members violate the FDCPA and FCCPA, common issues predominate."); *Annunziato*, 293 F.R.D. at 339-340 ("the non-common questions .... are not more substantial than the common question of whether the form letters were illegal. As such, predominance has been satisfied.")

## 2.    A Class Action Is Superior

A class action is superior if "it will 'achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *CGC Holding Co., LLC*, 2014 U.S. App. LEXIS 23043 at *43, *quoting Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). That is the situation presented here. This case will achieve economies of time, effort and expense because it will resolve potentially hundreds of identical claims in one fell swoop, instead of requiring individual lawsuits to have multiple courts decide the same question – whether Defendants' form letter violates the FDCPA in the manner alleged – over and over again. It will also achieve fairness by enabling consumers who don't know they have a claim, or who lack the ability or wherewithal to find a lawyer and bring their own lawsuit to vindicate their claims. *See Mace*, 109 F.3d at 344 ("These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate....") In short, this case also meets the requirements of Rule 23(b)(3).

## III.     Conclusion

This case is ideal for class certification because it involves numerous small claims that all turn on a common issue of whether the text of Defendants' form letter violates the FDCPA. The proposed classes satisfy all of the requirements or class certification, and Plaintiff's counsel are well-qualified to represent the class. This motion should be granted, Plaintiff should be designated the class representative, and her attorneys should be appointed as class counsel.

As Plaintiff is filing this motion at the outset of the case to avoid her claims being mooted before having a sufficient opportunity to fully present the class certification issue to the Court, Plaintiff requests leave to file a memorandum in support of this motion after appropriate discovery on the issues presented herein. *See Damasco*, 662 F.3d at 897; *see also Lucero*, 639 F.3d at 1249-50.

> Respectfully Submitted,
>
> By:    /s/ A.J. Stecklein
> A.J. Stecklein #16330
> Michael H. Rapp # 25702
> Consumer Legal Clinic, LLC
> 748 Ann Ave
> Kansas City, KS 66101
> Telephone:  (913) 371-0727
> Facsimile:  (913) 371-0147
> Email:  aj@kcconsumerlawyer.com
>          mr@kcconsumerlayer.com
> Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015, a true and correct copy of the above and foregoing was filed electronically with the Clerk of the Court, which will automatically notify counsel of record.

> /s/ A.J. Stecklein
> A.J. Stecklein #16330