# APPENDIX 1

Settlement Agreement

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Mary Tripp, | |
| Plaintiff, | Case Number: 14-cv-2646-DDC-GEB |
| vs. | |
| Berman & Rabin P.A. | |
| And | Class Action |
| Velocity Investments, LLC | |
| Defendants. | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("this Agreement") is entered into between and among the following parties (the "Parties"): Mary Tripp ("Class Representative"), on behalf of herself and the Classes certified by the Court, and Berman & Rabin, P.A. and Velocity Investments, LLC ("Defendants"). This Agreement fully and finally compromises and settles any and all claims under the Fair Debt Collection Practices Act ("FDCPA") that were or could have been asserted based on the facts alleged in this lawsuit, styled as *Tripp v. Berman & Rabin, P.A.*, Case No. 2:14-cv-02646 (D. Kan.) ("Litigation").

WHEREAS, in October 2014, Plaintiff Mary Tripp, individually and on behalf of a putative class, filed a complaint in the District Court for Wyandotte County, Kansas, alleging violations of FDCPA against Defendants;

WHEREAS, Tripp's complaint was removed to the United States District Court for the District of Kansas on or around December 29, 2014;

WHEREAS, Tripp alleged that a collection letter Defendants sent her and other Kansas consumers violated the FDCPA;

WHEREAS, Tripp alleged that she and other similarly situated individuals are entitled to statutory damages, attorneys' fees and costs;

WHEREAS, Defendants answered Tripp's complaint and denied her claims;

WHEREAS, the Court certified two classes in this matter on September 29, 2015;

WHEREAS, the Parties participated in a settlement conference conducted by United States Magistrate Judge Gwynne E. Birzer on November 18, 2015;

WHEREAS, the Class Representative, on behalf of herself and as the representative of the Classes, and Defendants, desire to resolve the dispute between them;

WHEREAS, based on discovery and Class Counsel's experience, both the Class Representative and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Classes and in the best interest of the Classes;

WHEREAS, Defendants have denied and continue to deny any and all liability to the Class Representative and to the Class, but have concluded that further conduct of the Litigation would be protracted and expensive, and have taken into account the uncertainty and risks inherent in this Litigation, and has determined that it is desirable that the Litigation be fully, completely, and finally settled in the manner and upon the terms set forth herein;

NOW, THEREFORE, the undersigned Parties agree that the Litigation shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions set forth in this Agreement, and without costs (except as provided herein), subject to court approval of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement.

I.   **SETTLEMENT CLASS DEFINITION**

The Classes certified by the Court are defined as follows:

Class A: All persons who, during the period from October 31, 2013 to October 31, 2014, lived in the state of Kansas and received a letter from Berman & Rabin, P.A. containing the following language:

> Re:   Your indebtedness to: [*Creditor Name*]
> Balance: [$X,XXX], [$X,XXX] accrued interest and/or late charges, attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court, [XX%] interest per annum from [*Date*].

Class B: All persons who, during the period from October 31, 2013 to October 31, 2014, lived in the state of Kansas and received a letter from Berman & Rabin, P.A., on behalf of Velocity Investments, LLC, containing the following language:

> Re:   Your indebtedness to: Velocity Investments, LLC
> Balance: [$X,XXX], [$X,XXX] accrued interest and/or late charges, attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court, [XX%] interest per annum from [*Date*].[1]

Persons meeting these definitions are referenced herein as the "Settlement Class" and "Settlement Class Members." Defendants represent that they have identified approximately 1,200 persons who collectively meet these class definitions. However, the Settlement Class shall exclude any individual who properly opts out of the Settlement pursuant to the procedure described herein.

II.   **OTHER DEFINITIONS**

As used in this Agreement, the following terms have the meanings set forth below. Terms used in the singular shall include the plural and vice versa.

---

[1] See ECF No. 58, pp. 5-6. "The content of the bracketed information in each letter will differ depending on the specific facts that apply to each recipient." *Id*. at p.6.

A.      "Agreement" means this Agreement and all attachments and exhibits, which the Parties understand and agree sets forth all material terms and conditions of the Settlement between them and which is subject to court approval.

B.      "Claims Administrator" and "Claims Office" shall mean a claims administrator to be agreed upon by the Parties which shall be responsible for administrative tasks associated with administering the settlement, including, without limitation, (a) arranging for distribution of the Class Notice and Settlement Claim Forms to Settlement Class Members, (b) making any mailings to Settlement Class Members required under the terms of this Agreement, (c) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee, (d) receiving and maintaining on behalf of the court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement, (e) receiving and processing claims from and distributing payments to Settlement Class Members, and (f) otherwise assisting with implementation and administration of the terms of this Agreement.

C.      "Claims Deadline" shall have the same meaning as set forth in the Preliminary Approval Order issued by the court, the date of which shall be a date set by the Court that is after the deadline for notice to be sent to Class Members.

D.      "Class Counsel" means

        A.J. Stecklein #16330
        Michael H. Rapp # 25702
        Consumer Legal Clinic, LLC
        748 Ann Ave
        Kansas City, KS 66101

Keith J. Keogh
Michael S. Hilicki
Keogh Law LTD
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603

E.     "Class Notice" means the "Summary Notice" and "Full Notice" to be approved by

the court substantially in the form attached hereto as Exhibits 2 and 3.

F.     "Counsel for Defendants" means

David E. Larson
MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.
4435 Main Street, Suite 920
Kansas City, MO 64111

Lora M. Jennings
MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.
Building 40, Suite 1150
9401 Indian Creek Parkway
Overland Park, KS 66210

G.     "Effective Date" means the date on which the Order of Final Approval becomes

Final.

H.     "Fairness Hearing" means a hearing set by the court to take place on a date set by

the Court after entry of the Preliminary Approval Order for the purpose of (i)

determining the fairness, adequacy and reasonableness of this Agreement and

associated settlement pursuant to class action procedures and requirements; and (ii)

entering the Order of Final Approval.

I.     "Final" or "Finally Approved" or "Final Approval" of this Agreement means that

the time has run for any appeals from a final approval order of the court, or any

such appeals have been resolved in favor of this Agreement.

5

J.     "Releasees" means Defendants and each of their affiliates, predecessors, successors, divisions, joint ventures and assigns, as well as each of those entities' past or present owners, investors, directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, suppliers, vendors, contractors, volunteers, performers, co-marketers, licensors, concessionaires, franchisors, and assigns.

K.     "Opt-Out Deadline" shall be the deadline by which Settlement Class Members must choose to exclude themselves from the class, to be set by the Court in the Preliminary Approval Order.

L.     "Order of Final Approval" means an order to be entered by the Court granting final approval to the Settlement and approving Class Counsel's application for attorney's fees and costs, substantially in the form attached hereto as Exhibit 4.

M.     "Preliminary Approval Date" means the date on which the court enters the Preliminary Approval Order.

N.     "Preliminary Approval Order" means an order to be entered by the Court granting preliminary approval to the Settlement.

O.     "Released Claims" means any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory claims (including but not limited to claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*), constitutional claims and common law claims, whether known or unknown, that the Settlement Class Members have or may have against the Releasees, or any of them, for any type of

6

relief, including, without limitation, actual damages, statutory damages, punitive damages, interest, attorneys' fees, costs, expenses, restitution, or equitable relief, that arise or could arise, or were asserted or could have been asserted, based on the facts alleged in the complaint referenced above.

P.      "Settlement Claim Form" means a claim request form, substantially in the form attached hereto as Exhibit 5, to be completed by Settlement Class Members to make a claim for a portion of the benefits of the Settlement.

## III.   SETTLEMENT TERMS

### A.      Conditional Nature of Agreement

Except as provided below, the obligations imposed by this Agreement are contingent upon execution of this Agreement by the Parties, entry of the Order of Final Approval by the Court, and occurrence of the Effective Date. Except as provided below, if this Agreement, for any reason, is not Finally Approved or is otherwise terminated, it shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Agreement shall remain subject to the Local Rules of the United States District Court for the District of Kansas and the provisions of Federal Rule of Evidence 408 and any similar law.

### B.      Settlement Amount

In full and final settlement of the Settlement Class's claims, Defendants shall pay: (a) six-thousand five hundred dollars ($6,500.00) to cover the claims of the Settlement Class Members for statutory damages under the FDCPA, (b) $1,000 each ($2,000 total) to cover Plaintiff's claims to recover statutory damages as permitted by §1692k of the FDCPA, (c) all costs of administering the settlement, and (d) Plaintiff's attorneys' fees and costs in the amount agreed to by the parties

7

or, if they cannot reach an agreement, then in the amount determined by the Court. The costs of administering the settlement include, but are not limited to, the expense associated with the tasks of the Claims Office and Claims Administrator described above.

###### C.   Settlement Payments.

Promptly after entry of the Preliminary Approval Order, Defendants will advance funds necessary to administer the Settlement, in an amount not to exceed $2,700.

Defendants will pay eighty-five hundred dollars ($8,500.00) to the Claims Administrator within fourteen (14) days after the Effective Date. After deducting the portion of these funds to be paid to the Class Representative, the remainder shall be distributed pro rata to Settlement Class Members who submit proper Settlement Claim Forms that are received on or before the Claims Deadline. The distribution shall be as follows:

> i.   <u>Settlement Awards shall be paid by check</u>. The Claims Administrator shall mail, by first-class mail, a check to each claiming Settlement Class Member eligible to receive payment, within 45 days after the Effective Date. The Claims Administrator will perform skip tracing and re-mailing, as necessary. Checks will be valid for 120 days from the date on the check. The amounts of any checks that are returned as undeliverable or that remain uncashed more than 120 days after the date on the check will be included as part of the second distribution (described below).

> ii.   <u>Second Distribution</u>. If, after the expiration date of the checks distributed pursuant to subparagraph i. above, there remains money in the Settlement Fund sufficient to pay at least $10 to each Settlement Class Member who cashed his or her initial settlement check, such remaining monies will be distributed on a

pro-rata basis to those Settlement Class Members. This second distribution shall be made within 90 days after the expiration date of the checks distributed pursuant to subparagraph i. above, and shall be paid in the same manner as the first distribution.  Checks issued pursuant to this second distribution will be valid for 120 days from the date on the check.

iii.    <u>Remaining Funds</u>. The portion of the $6,500 that has not been distributed after the expiration of checks issued pursuant to the second distribution, including but not limited to money not distributed because there is not enough money left to justify a second distribution, shall be paid as *cy pres* to Kansas Legal Services, unless a different charity is selected by the Court. No remaining money shall revert to or otherwise be paid to Defendants.

**D.      Reversion to Defendants if the Effective Date Does Not Occur**.

In the event the Agreement is not Finally Approved, or is cancelled or terminated or otherwise becomes null and void for any reason, any funds Defendants advanced to administer the settlement, net of fees and costs paid or owed for administering the settlement, shall revert back to Defendants.

**E.      Attorneys' Fee and Cost Award.**

The attorneys' fees and costs awarded to Class Counsel will be paid by Defendants within fourteen (14) days after the Effective Date. Unless the Parties agree on the amount of the attorneys' fee and costs award, Class Counsel will petition the Court for the award. Solely for the purpose of this Settlement and any such petition, Plaintiff and the Class shall be deemed the prevailing parties. Class Counsel shall be responsible for allocating all attorneys' fees and costs that are awarded by

9

the Court among Class Counsel, and Defendants shall have no responsibility, role, or liability in connection with such allocation.

### F.        Motion for Preliminary Approval

Concurrent with submission of this Agreement for the Court's consideration, Class Counsel shall submit to the Court a motion for preliminary approval of this Agreement. The motion shall seek entry of a Preliminary Approval Order substantially in the form attached as Exhibit 1. Defendants are permitted to join the motion.

### IV.      CLAIMS ADMINISTRATION

### A.        Claims Administrator/Claims Office

The Claims Administrator may appoint as many claims officers, experts, and/or advisors as are necessary to carry out the duties of the Claims Office expeditiously. The Claims Office procedures shall be subject to Court approval and under the continuing jurisdiction of the court. The Claims Office shall be responsible for disseminating information to Settlement Class Members concerning settlement procedures. In addition, the Claims Office shall assist the Court in processing and tabulating opt-out requests, shall receive all opt-out forms and documentation, shall receive, process, classify, and pay claims as provided in this Agreement and any applicable orders of the court, and shall operate under the continuing supervision of the court.

### B.        Notice

#### 1.       Mailing

A copy of the Summary Notice shall be mailed by first class mail to every Settlement Class Member for which there is address information, by the deadline established by the Preliminary Approval Order. Such mailing shall be completed by the Claims Administrator. If they have not already done so, then promptly after signing this Agreement, Defendants shall provide Class

10

Counsel with a list of the Settlement Class Members and their last known addresses, and Defendants agree to facilitate the retrieval of Settlement Class Member contact information from any third party to the extent necessary. For those Settlement Class Members that Defendants do not have contact information for, Defendants shall produce any relevant identifying information or any other contact information they have about such Class Members that Class Counsel requests that has not already been provided, for the purpose of evaluating what steps may be taken to obtain contact information for them. The parties agree that the above information may be shared with the Class Administrator, and any party Class Counsel subpoenas for the purpose of obtaining Settlement Class Member contact information. This information shall otherwise be kept confidential.

        2.        Website

By the deadline for mailing the class notice, a web page shall be set up to (i) enable Settlement Class Members to submit a claim and access and download the Settlement Claim Form, (ii) provide contact information for Class Counsel, and (iii) and provide access to relevant documents. Such documents shall include this Agreement and Class Notice; the class certification order; the Preliminary Approval Order; the Complaint; and when filed, the Order of Final Approval. The Class Notice shall include the address (URL) of http://www.keoghlaw.com/class-notices-and-news/ for the settlement website.

        3.        Publication

Provided that at least 70% of the Settlement Class Members can be sent Notice by mail or electronic mail, no additional notice is necessary or required as approved by the Court. If the Notice by mail or electronic mail cannot be sent to at least 70% of the Settlement Class Members, then the Claims Administrator shall use publication Notice in a location/publication to be agreed

upon by the parties' counsel (or set by the Court if there's no agreement) to the extent reasonably calculated to reach at least 70% of the Settlement Class Members, inclusive of those Settlement Class Members reached through the mailed Notice.

4.      Opt-Out

The Class Notice shall provide a procedure whereby Settlement Class Members may exclude themselves from the Class by mailing a request for exclusion. Any Settlement Class Member who does not validly request exclusion before the Opt-Out Deadline shall be a Settlement Class Member and shall be bound by the terms of this Agreement.

5.      Objections

The Class Notice shall also provide a procedure for Settlement Class Members to object to the settlement set forth herein and any of its terms. Objections must be received by the deadline set by the Court.

6.      CAFA Notice

Defendants will serve any notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715 by no later than ten days after the motion for preliminary approval with the proposed Settlement Agreement is filed with the court.

**C.      Claims Process**

In order to make a claim, a Settlement Class Member must submit a completed Settlement Claim Form by the Claims Deadline as set forth in the Class Notice.

**D.      Retention of Records**

The Claims Administrator shall retain all records relating to payment of claims under this Agreement for a period of five (2) years from the Effective Date of the Agreement. The confidentiality of those records shall be maintained.

## V.     EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION

### A.     Exclusive Remedy

This Agreement shall be the exclusive remedy for any and all Released Claims. No Releasee shall be subject to liability to the Settlement Class or any Settlement Class Member related to the Released Claims except as provided in this Agreement. This Agreement shall be binding upon, and inure to the benefit of the Parties' successors and assigns.

### B.     Dismissal of Claims

The Parties agree that upon the Effective Date of this Agreement, the Litigation shall be dismissed with prejudice in accordance with the Order of Final Approval.

### C.     Jurisdiction

The Court shall retain exclusive and continuing jurisdiction over this Litigation, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## VI.    RELEASES

Upon the Effective Date of this Agreement, the Releasees shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member from all Released Claims. The Settlement Class and each Settlement Class Member covenants and agrees that they shall not hereafter seek to establish liability against any Releasee based, in whole or in part, on any of the Released Claims.

The Class Representative, the Settlement Class, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative, the

13

Settlement Class, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval shall have, fully, finally, and forever waived, settled and released any and all Released Claims.

## VII.   MISCELLANEOUS PROVISIONS

### A.   Cooperation to Facilitate this Settlement.

The Parties agree that they shall work together in good faith to facilitate this Settlement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

### B.   Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

### C.   No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of himself or the Settlement Class, against Defendants. Defendants expressly deny any liability or wrongdoing.  The existence, contents and terms of Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible in evidence for any such purpose in any proceeding, except for purposes of enforcement of its terms.

### D.   Contractual Agreement

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full

and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

### E.  Change of Time Periods

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the court or by written agreement of Class Counsel and Defendants' counsel, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### E.  Integration

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

### F.  Drafting

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentum*. This Agreement is a collaborative effort of the Parties and their attorneys.

### G.    Costs

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

### H.    Modification or Amendment

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

### I.    No Waiver

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

### J.    Severability

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder. Provided, however, that the terms of this Paragraph shall not apply should any court or tribunal find any part, term, or provision of the release, to be illegal or invalid.

### K.  No Consent

To the Parties' knowledge and belief, except as expressly provided herein, no consent, authorization, action, or approval of, notice to or filing with, or exemption by, any person or entity which has not been obtained, including, without limitation, any governmental, public or self-regulatory body or authority, is required in connection with the execution, delivery and performance of this Agreement or consummation of the transactions contemplated hereby.

### L.  No Violation of Law or Agreement

The execution, delivery and performance of this Agreement does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state or local law or regulation, (b) any provision of any order, arbitration award, judgment or decree, or (c) any provision of any agreement or instrument.

### M.  Successors

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties thereto.

### N.  Choice of Law

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the state in which the Settlement is granted final approval, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

### O.  Fair and Reasonable

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

17

**P.      Headings**

Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**Q.      Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**R.      Counterparts**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**S.      Facsimile and Electronic Mail**

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

**T.      Warranty of Signature**

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

**U.      No Assignment**

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and

18

that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party. Any Party that breaches the representations and warranties set forth in this Paragraph shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Paragraph.

**W.    Settlement to Proceed Regardless of Outcome of *Robins v. Spokeo*.**

This Settlement was reached during the pendency of *Robins v. Spokeo* in the Supreme Court. Should a federal court presiding over this Litigation determine that it lacks subject matter jurisdiction based on the outcome of the *Spokeo* appeal, the parties agree to proceed with this Settlement, without material change other than any necessary to accommodate a change to a state court jurisdiction and setting, in Wyandotte , Kansas. If this case is re-filed in state court pursuant to this section, then:

1. Plaintiff is entitled to file the same or materially the same motion for preliminary approval contemplated by this Agreement, along with this Agreement;

2. The parties agree to propose materially the same proposed preliminary approval order, final approval order, notices and claim form proposed here; the only material changes that shall be made, and only if deemed necessary, shall be to reflect the change of court, the passage of time, any need for a new state court presiding over the matter to make its own findings regarding the propriety of certifying the settlement class, and any other change in circumstance the parties to this settlement mutually agree is needed to secure the final approval of this Agreement;

19

3. The parties agree to certification for settlement purposes only of the Settlement Class as set forth above;

4. Defendants hereby waive any statute of limitations defense or venue objection they might have against Plaintiff or any Settlement Class Member created as a result of the need to refile the case in state court because the federal court determined that it lacked subject matter jurisdiction based on the outcome of the *Spokeo* appeal; and

5. The parties shall work in good faith to facilitate the Settlement, promptly secure its final approval from the state court, and promptly carry out its terms.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed:

Dated: _1 - 15 - 16_     By: _____

Mary Tripp
*Plaintiff and Class Representative*


Dated: _____     By: _____

Dan Rabin_____
Title: _____
*On Behalf of Defendant Berman & Rabin, P.A.*


Dated: _____     By: _____

W. Peter Ragan_____
Title: _____
*On Behalf of Defendant Velocity Investments, LLC*

20

3. The parties agree to certification for settlement purposes only of the Settlement Class as set forth above;

4. Defendants hereby waive any statute of limitations defense or venue objection they might have against Plaintiff or any Settlement Class Member created as a result of the need to refile the case in state court because the federal court determined that it lacked subject matter jurisdiction based on the outcome of the *Spokeo* appeal; and

5. The parties shall work in good faith to facilitate the Settlement, promptly secure its final approval from the state court, and promptly carry out its terms.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed:

Dated: _____     By: _____
                                       Mary Tripp
                                       *Plaintiff and Class Representative*

Dated: _____            By: _____
                                       Dan Rabin
                                       Title: _____
                                       *On Behalf of Defendant Berman & Rabin, P.A.*

Dated: _____            By: _____
                                       W. Peter Ragan
                                       Title: _____
                                       *On Behalf of Defendant Velocity Investments, LLC*

20

# Exhibit 1

Proposed Preliminary Approval Order

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Mary Tripp, | |
| Plaintiff, | Case Number: 14-cv-2646-DDC-GEB |
| vs. | |
| Berman & Rabin P.A. | Class Action |
| And | |
| Velocity Investments, LLC, LLC | |
| Defendants. | |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
## OF SETTLEMENT, AND DIRECTING NOTICE TO THE CLASS

WHEREAS, this matter has come before the Court pursuant to a Motion for Entry of an Order Granting Preliminary Approval of Settlement and Approving the Form and Method of Notice to the Settlement Class (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties for purposes of settlement; and

WHEREAS, this Court has conducted a preliminary approval hearing on [DATE], has considered all of the submissions related to the Motion, and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED:

## I.      PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.      The terms of the Settlement Agreement and Release, dated [DATE], including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. This Order

incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Agreement was entered into only after arm's-length negotiations by experienced counsel and with the assistance and oversight of United States Magistrate Judge Gwynne E. Birzer. The Court finds that the settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## II.     THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL.

2.      The Settlement Class includes the members of the Classes certified by the Court on September 29, 2015, which include:

> Class A: All persons who, during the period from October 31, 2013 to October 31, 2014, lived in the state of Kansas and received a letter from Berman & Rabin, P.A. containing the following language:
>
> Re:     Your indebtedness to: [*Creditor Name*]
>          Balance: [$X,XXX], [$X,XXX] accrued interest and/or late charges, attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court, [XX%] interest per annum from [*Date*].
>
> Class B: All persons who, during the period from October 31, 2013 to October 31, 2014, lived in the state of Kansas and received a letter from Berman & Rabin, P.A., on behalf of Velocity Investments, LLC, containing the following language:
>
> Re:     Your indebtedness to: Velocity Investments, LLC
>          Balance: [$X,XXX], [$X,XXX] accrued interest and/or late charges, attorney fees (where applicable), the exact amount to be determined by

agreement between you and us or by a court, [XX%] interest per annum from [*Date*].[1]

Defendants represent that the Settlement Class contains approximately 1,200 persons. However, the Settlement Class shall exclude any individual who properly opts out of the Settlement Class pursuant to the procedure described herein.

3.      Per the Court's order and prior conclusion that this case meets the requirements for class certification, the Court determines that Ms. Tripp is adequate to represent the Settlement Class under Fed. R. Civ. P. 23(a)(4), and that Ms. Tripp's counsel, A.J. Stecklein, Michael S. Hilicki, Keith J. Keogh and Michael Rapp, are adequate Class Counsel under Fed. R. Civ. P. 23(g).

## III.    NOTICE TO CLASS MEMBERS

4.      The Court has considered the Class Notice, attached as Exhibits 2 and 3 to the Agreement, including the proposed forms of notice, Summary Notice, Full Notice, and Settlement Claim Form, and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notice program in all respects (including the proposed forms of notice) and orders that notice be given in substantial conformity therewith. The notice program shall commence no later than [PROPOSE 60] days after entry of this Order, on or about _____, 2016 (the "Notice Deadline"). The costs of preparing, printing, publishing, mailing and otherwise disseminating the notice shall be paid by Defendants in accordance with the Agreement.

---

[1] See ECF No. 58, pp. 5-6 ("The content of the bracketed information in each letter will differ depending on the specific facts that apply to each recipient.")

5.      The Court appoints First Class, Inc. as Claims Administrator.  Responsibilities of the Claims Administrator shall include the following: (a) disseminating information, including the Class Notice, to Settlement Class Members concerning settlement procedures in the manner provided in the notice program; (b) receiving opt-out forms and documentation and processing and tabulating opt-out requests; and (c) receiving, processing, classifying, and paying claims as provided in the Agreement and pursuant to any applicable orders of this Court.

## IV.      REQUEST FOR EXCLUSION FROM THE CLASS

6.      A member of the Settlement Class who wishes to be excluded from the Settlement Class shall mail a written notice of exclusion to the Claims Administrator, so that it is postmarked no later than [PROPOSE 60] days after the Notice Deadline, or _____, 2016 (the "Opt-Out Deadline"), and shall clearly state the following: (a) their name; (b) physical address; (c) phone number; and (d) e-mail address, if available. In addition, the Settlement Class Member requesting exclusion shall include a signed certification containing the following language:

> I, the individual signing below, want to be excluded from the settlement in Tripp v. Berman and Velocity and understand that I will not be entitled to receive any payment from the Settlement.

7.      Any Settlement Class Member who submits a valid request for exclusion as set forth above shall not be bound by the Agreement, or the Order of Final Approval. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Class Counsel and Counsel for Defendants.

8.      Any Settlement Class Member who does not properly and timely mail a notice of exclusion as set forth above shall be automatically included in the Settlement Class, and shall be bound by all the terms and provisions of the Agreement, and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or shall have objected to the Class

4

Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

## V.    CLAIM REQUESTS

9.    To effectuate the Agreement and Class Settlement, and the provisions of the notice program, the Claims Administrator shall be responsible for tracking all notices of exclusion and Settlement Claim Forms. The Claims Administrator shall preserve (on paper or transferred into electronic format) all requests for exclusion, Settlement Claim Forms, and any and all other written communications from Settlement Class Members for a period of two (2) years, or pursuant to further order of the Court. All written communications received by the Claims Administrator from Settlement Class Members relating to the Agreement shall be available at reasonable times for inspection and copying by Class Counsel and Counsel for Defendants, including prior to payments being mailed to each Class Member.

10.    In order to be entitled to participate in the Class Settlement, each Settlement Class Member shall take the following actions and be subject to the following requirements:

A.    A Settlement Class Member who wishes to receive a distribution from a Class Settlement must submit a properly executed Settlement Claim Form to the Claims Administrator on or before the Claims Deadline, _____, 2016.  If such Settlement Claim Form is submitted by mailing via the United States Postal Service to the address indicated in the Class Notice, it shall be deemed to have been submitted as of the date postmarked. If such Settlement Claim Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted on the date it is actually received by the Claims Administrator;

5

B.      Each completed Settlement Claim Form must contain the following information: (a) the Settlement Class Member's name and (b) physical address; and (c) an attestation that the information provided is true and correct to the best of their knowledge and belief. If the Settlement Claim Form is executed by a person acting in a representative capacity, that person must attest that he or she is acting on behalf of a Settlement Class Member and that he or she has authority to act on behalf of the Settlement Class Member.

C.      Each Settlement Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Class Counsel about which claims should be allowed;

D.      The Claims Administrator will notify each Settlement Class Member who filed a Settlement Claim Form of any recommendation of disallowance, in whole or in part, of the Settlement Claim Form submitted by such Settlement Class Member and will set forth the reasons for any such disallowance. Settlement Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Settlement Claim Form that is identified. A copy of such notification shall also be sent by the Claims Administrator to Class Counsel;

E.      All Settlement Class Members who do not submit a timely Settlement Claim Form, or submit a Settlement Claim Form that is disallowed and not cured, shall be barred from participating in the Class Settlement (except to the extent that a Settlement Claim Form may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Agreement; and

F.      Each Settlement Class Member who submits a Settlement Claim Form shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and

shall (subject to final approval of the Agreement and Class Settlement) be bound by all the terms and provisions of the Agreement.

## VI.   CONFIDENTIALITY

11.    If Plaintiff or Defendants subpoena any non-party for information about the Settlement Class Members, such as contact information, that information shall be treated as confidential and not be disclosed to any person or entity other than Class Counsel, Counsel for Defendants, the Claims Administrator, and the Court. Likewise, any information received by the Claims Administrator that pertains to a particular Settlement Class Member, or information submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Counsel for Defendants, and the Court, and shall otherwise be treated as provided for in the Agreement.

## VII.   FAIRNESS HEARING

12.    A hearing on final settlement approval (the "Fairness Hearing") will be held on _____, 2016, at _____   [INSERT DATE – PROPOSE 149 days from the date of this Order] before this Court, at the United States District Court for the District of Kansas, U.S. District Court, 444 S.E. Quincy, Suite 405, Topeka, Kansas 66683, to consider the following: (a) the fairness, reasonableness and adequacy of the Class Settlement; (b) the dismissal with prejudice of the Litigation; and (c) the amount of attorneys' fees and costs to award Class Counsel if the parties have not resolved that issue among themselves; and (d) any other issues relating to the Agreement or Class Settlement.

13.    At least two weeks before the Fairness Hearing, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the Agreement and Class Settlement. If the parties have not resolved the amount of attorneys' fees and costs to be paid to

Class Counsel, Class Counsel shall file their motion to have the Court decide the amount of the attorneys' fee and cost award, and any supporting memorandum or other materials, at least four weeks before the Fairness Hearing.

14.     Any Settlement Class Member who has not filed a notice of exclusion in the manner set forth above and who has timely filed their objection, may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court. However, no person shall be heard in opposition to the Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below on or before [INSERT DATE – PROPOSE 60 days after Notice Deadline]. Such person must (a) file with the Clerk of the Court a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before [INSERT DATE – PROPOSE 60 days after Notice Deadline], and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below on or before [INSERT DATE – PROPOSE 60 days after Notice Deadline]. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

15.     Counsel for the Parties who must be served with all documentation described above are as follows:

> Counsel for the Settlement Class
> Michael Hilicki
> Keogh Law LTD

8

55 W. Monroe Street, Suite 3390
Chicago, IL 60603

Counsel for Defendants
David Larson
Martin, Pringle, Oliver, Wallace & Bauer, LLP
4435 Main Street, Ste. 920
Kansas City, MO 64111

16.     Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed above no later than [INSERT DATE – PROPOSE 60 days after the Notice Deadline] and file it with the Court on or before [INSERT SAME DATE].

17.     The date and time of the Fairness Hearing shall be set forth in the Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the web page to be established pursuant to the notice program.

18.     Pending Final Approval, no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any Releasee any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Agreement, and are hereby enjoined from so proceeding. Upon Final Approval, all Settlement Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

9

## VIII.   OTHER PROVISIONS

19.      Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

20.      In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the status quo ante rights of Plaintiff and Defendants. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by any Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any Party in connection with any action asserting Released Claims.

21.      The following summarize the deadlines stated above for issuing notice and submitting claims and objections:

| _____, 2016<br>[Propose 60 days after the date of the Preliminary Approval Order] | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
|---|---|
| _____, 2016<br>[Propose 60 days after the Notice Deadline] | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) |
| _____, 2016<br>[Propose 60 days after the Notice Deadline] | Deadline for Settlement Class Members to submit a claim form (Claim Deadline) |
| _____, 2016 | Deadline for Class Counsel to file their Motion for the Court |

| | |
|---|---|
| [Propose 15 days after the Opt-Out and Objection Deadline] | to Determine the Attorneys' fee and cost award if the parties cannot agree on the award amount |
| _____, 2016<br>[Propose 30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following:<br>(1)  List of persons who made timely and proper requests for exclusion (under seal);<br>(2)  Proof of Class Notice; and<br>(3)  Motion and memorandum in support of final approval, including responses to any objections. |
| _____, 2016 at ____ _.m.<br>[Propose 149 days after the Preliminary Approval Order] | Final Approval Hearing |

Date: _____          _____
                                                                   Hon. Daniel D. Crabtree
                                                                   United States District Judge

11

# Exhibit 2

## Summary Notice

# NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT
THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a proposed settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The settlement would resolve the class action lawsuit *Tripp v. Berman & Rabin, P.A. and Velocity Investments, LLC.*, 14-cv-2646-DDC-GEB (D. Kan.) brought on behalf of individuals in Kansas to whom, between October 31, 2013 and October 31, 2014, Berman sent a debt collection letter that stated that the amount of the person's alleged debt included "attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court…." Defendants deny any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses. |
| **Why am I getting this notice?** | You were identified as someone who received such a letter from Berman according to Berman's records. |
| **What does the Settlement provide?** | In this class action, the law limits Defendants' liability to 1% of their net worth. Berman and its co-Defendant, Velocity Investments, LLC, have agreed to pay more than 1% of their alleged net worth for a total of $6,500, to be divided pro rata among Settlement Class Members who file a claim, plus $1,000 each to Plaintiff Mary Tripp to resolve her claims, plus the attorneys' fees and costs reasonably incurred by Class Counsel, plus the costs of |

| | administering this Settlement. In an individual lawsuit you could recover up to $1,000. |
|---|---|
| **How can I receive a payment from the Settlement?** | To receive payment, you must complete and submit a valid Claim Request by [INSERT DATE – Propose 60 days after Notice Mailing Deadline]. You can obtain and submit a Claim Request online at www. http://www.keoghlaw.com/class-notices-and-news/ Or, if you would prefer to make a claim by mail, you can fill out and send in the Claim Request form attached to this notice. Mail-in Claim Requests must be sent to the Settlement Administrator at the address below and must be post-marked no later than [INSERT DATE – Propose 60 days after Notice Mailing Deadline]. |
| **Do I have to be included in the Settlement?** | If you don't want monetary compensation from this settlement and you want to keep the right to sue or continue to sue Defendants on your own, then you must exclude yourself from the settlement by sending a letter requesting exclusion to the Settlement Administrator postmarked or received no later than [INSERT DATE – Propose 60 days after Notice Mailing Deadline] at the address below that contains the specific information set forth in the Settlement Website. |
| **If I don't like something about the Settlement, how do I tell the Court?** | If you don't exclude yourself from the settlement, you can object to any part of the settlement. You must file your written objection with the Court by [INSERT DATE – Propose 60 days after Notice Mailing Deadline], and mailed and postmarked or received no later than [INSERT DATE - Propose 60 days after Notice Mailing Deadline] to both Class Counsel and Defendants' Counsel and |

|  | containing the specific information set forth in the Settlement Website. |
|---|---|
| **What if I do nothing?** | If you do nothing, you will not be eligible for a payment. But you will still be a Settlement Class member and bound by the settlement, and you will release Defendants from liability. |
| **How do I get more information about the Settlement?** | This notice contains limited information about the settlement. For more information, to view additional settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit http://www.keoghlaw.com/class-notices-and-news/ You can also obtain additional information, a more detailed notice describing the settlement, or a substitute Claim Request form, by calling 866-726-1092. |

TRIPP v. BERMAN FDCPA SETTLEMENT
SETTLEMENT ADMINISTRATOR
[INSERT CLAIMS ADMIN ADDRESS]

[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[NAME][ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

# Exhibit 3

<u>Full Notice</u>

**Mary Tripp v. Berman & Rabin, P.A. and Velocity Investments, LLC**
**United States District Court for the District of Kansas,**
**Case No. 14-cv-2646-DDC-GEB**
**If you received a collection letter from Berman & Rabin, P.A. between October 31,**
**2013 and October 31, 2014, you may be entitled to benefits under a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Plaintiff sued debt collectors Berman & Rabin P.A. and Velocity Investments, LLC for sending her a form collection letter that allegedly violates the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") by allegedly failing to clearly state the amount owed because they stated that the amount of the person's alleged debt included "attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court…." Defendants deny Plaintiff's allegations and deny any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or Defendant's defenses. By entering into the settlement, Defendants have not conceded the truth or validity of any of the claims against them.

- The FDCPA permits a successful plaintiff to recover up to $1,000 in statutory damages from a defendant, and it permits a class to recover up to 1% of the defendant's net worth in statutory damages from a defendant (subject to a $500,000 limit). Defendants claim that 1% of their net worth is collectively less than $1,000. Nevertheless, Defendants shall pay a total of $6,500 to fully settle and release claims of the class of persons to whom they mailed the form collection letter at issue, or possibly more than six times the maximum provided by the FDCPA. Defendants also shall each pay Plaintiff the $1,000 maximum statutory damages provided by the FDCPA, plus attorneys' fees and costs in an amount to be determined later, either by the parties subject to the Court's approval, or by the Court. Defendants also agree to pay all costs of administering this settlement.

- The $6,500 shall be divided among all Settlement Class members who submit a valid and timely claim request form to receive payment ("Claim Request"). Class Counsel estimate that Settlement Class members who timely submit a valid Claim Request will receive around $105 each.

- Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act. Read this Notice carefully.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM REQUEST | If you submit a valid Claim Request by [INSERT DATE – PROPOSE 60 days after Notice Deadline], you will receive a payment and will give up your rights to sue Berman & Rabin, PA, Velocity Investments, LLC, and/or any other released parties on a released claim. Claim Request forms may be submitted by mail to [ADMIN PO BOX] or through http://www.keoghlaw.com/class-notices-and-news/ |
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Berman & Rabin, PA, Velocity Investments, LLC, and/or other released parties in the future. The deadline for excluding yourself is [INSERT DATE – PROPOSE 60 days after Notice Deadline]. |
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the settlement is unfair in any respect. The deadline for this is [INSERT DATE – PROPOSE 60 days after Notice Deadline]. To obtain a benefit from this settlement, you must still submit a Claim Request. If you only submit an objection, you will not receive any benefit from the settlement and you will give up your right to sue Berman & Rabin, PA, Velocity Investments, LLC, and/or any other released parties on a released claim. |
| DO NOTHING | If you do nothing, you will not receive any monetary award and you will give up your rights to sue Berman & Rabin, PA, Velocity Investments, LLC, and/or any other released parties on a released claim. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the settlement if you object to the settlement. To speak at the Final Approval Hearing, you must file a document including your name, address, telephone number and your signature with the Court stating your intention to appear, by no later than [PROPOSE 60 days after Notice Deadline]. |

## BASIC INFORMATION

### 1.  What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the class action lawsuit entitled *Tripp v. Berman & Rabin PA and Velocity Investments, LLC*, Case No. 2:14-cv-2646-DDC (D. Kan.). Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

**2.  What does it mean if I received an email or postcard about this settlement?**

If you received an email or postcard describing this settlement, that is because Defendants' records indicate that you may be a member of the Settlement Class in this lawsuit. You are a member of the Settlement Class if you received a collection letter from Defendant Berman & Rabin, P.A, at any time between October 31, 2013 and October 31, 2014, that states that the amount allegedly owed includes "attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court…"

**3.  What is this class action lawsuit about?**

In a class action, one or more people called Class Representatives (in this case, Mary Tripp), sue on behalf of a group (or a "Class") of people who have similar claims.  The Class Representative who sued is called the Plaintiff. The companies they sued (in this case Berman and Velocity) are called the Defendants. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

Here, Plaintiff claims that Defendants violated FDCPA by mailing a form debt collection letter that allegedly failed to clearly state the amount owed because the form of the letter states that attorneys' fees may or may not be owed, without stating whether they are in fact owed or not, and without stating the amount owed (if any). Defendants deny these allegations and deny any wrongdoing. On September 29, 2015, the Court certified this case as a class action. The Honorable Daniel D. Crabtree is the judge in charge of the lawsuit.

**4.  Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendants. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

**5.  How do I know if I am a part of the settlement class?**

The Court has certified this case as a class action. The Settlement Class includes the following two groups of people:

> Group A: All persons who, during the period from October 31, 2013 to October 31, 2014, lived in the state of Kansas and received a letter from Berman & Rabin, P.A. containing the following language:

> Re:    Your indebtedness to: [*Creditor Name*]
> Balance: [$X,XXX], [$X,XXX] accrued interest and/or late charges,
> attorney fees (where applicable), the exact amount to be determined by

agreement between you and us or by a court, [XX%] interest per annum from [*Date*].

Group B: All persons who, during the period from October 31, 2013 to October 31, 2014, lived in the state of Kansas and received a letter from Berman & Rabin, P.A., on behalf of Velocity Investments, LLC, containing the following language:

Re:     Your indebtedness to: Velocity Investments, LLC
        Balance: [$X,XXX], [$X,XXX] accrued interest and/or late charges, attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court, [XX%] interest per annum from [*Date*].

Note, the bracketed Xs in the above descriptions would be actual numbers in the letter you received. The above descriptions use Xs because the numbers in each letter actually received will vary, depending on the specific facts that apply to each recipient.

A Settlement Class Member is any person in the Settlement Class who is not validly excluded from the Settlement Class. If you are still not sure whether you are included, you can may write to the claims administrator at Tripp v. Berman FDCPA Settlement, c/o [ADMINISTRATOR AT PO BOX], or you may call Class Counsel at 866.726.1092, , for more information.

## THE LAWYERS REPRESENTING YOU

| 6.  Do I have lawyers in this case? |
|---|

The Court has appointed A.J. Stecklein and Michael Rapp of Consumer Legal Clinic, LLC, and Keith Keogh and Michael S. Hilicki of Keogh Law, Ltd., as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

| 7.  How will Class Counsel be paid? |
|---|

Class Counsel's attorneys' fees and costs will be paid by Defendants, either in an amount agreed by the parties subject to the Court's approval, or in an amount to be determined by the Court. The amount paid for attorneys' fees and costs does not reduce or otherwise affect what the Settlement Class Members recover.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8.  What does the settlement provide? |
|---|

**Settlement Fund**. Defendants will pay: (1) a total of $6,500 to cover cash payments to Settlement Class Members who submit timely and valid Claim Requests; (2) a total of $1,000 per Defendant to Plaintiff for her claims and her service to the Settlement Class as the class representative; (3) all costs of administering this Settlement, including the cost of sending notice, and (4) Class Counsel's attorneys' fees and costs in an amount to be agreed by the parties subject to the Court's approval, or in an amount to be determined by the Court.

**Cash Payments**.  All Settlement Class Members are eligible to submit a Claim Request and receive a cash payment. To submit a Claim Request, follow the procedures described under Question 11 below.

**No Funds Will Return to Defendants.** All money Defendants pay to satisfy the Settlement Class Members' claims will be divided and paid pro rata to the Settlement Class Members who submit valid and timely Claim Requests. Any unclaimed funds shall be paid to a charity, Kansas Legal Services, as a cy pres award on behalf of the Class. No portion of the money paid to satisfy the Settlement Class Members claims will return to Defendants.

## 9.  How much will my payment be?

Your share of the Settlement Fund will depend on the number of valid Claim Requests that Settlement Class Members submit. Class Counsel estimate that the amount of the cash award (while dependent upon the number of claims) may be around $105.  **This is an estimate only. The final cash payment amount will depend on the total number of valid and timely claims submitted by Settlement Class Members.**

## 10.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any released claim to sue or continue to sue, on your own or as part of any other lawsuit, Defendants and/or any other released parties, as explained in the settlement agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the settlement, you will agree to release Defendants and any other released parties, as defined in the settlement agreement, from any and all claims that arise from mailing a collection demand letter which failed to state the total amount of the alleged debt.

In summary, the Release includes, without limitation, all claims that arise, could arise, were asserted or could have been asserted based on the form collection letter sent by Defendants, including, but not limited to, claims under FDCPA or any other statute or the common law, for any form of relief.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer.  The Release does not apply to persons in the Settlement Class who timely exclude themselves.

### HOW TO OBTAIN A PAYMENT

## 11.  How can I get a payment?

To receive a payment, you must submit a Claim Request by the deadline stated below. You may electronically submit a Claim Request on the Settlement Website, http://www.keoghlaw.com/class-notices-and-news/, or you may fill out and return in the Claim Request form attached to the notice you received in the mail. You can obtain a substitute claim form by calling the following Toll-Free number, 866-726-1092. **Read the instructions carefully,**

**fill out the form completely and accurately, sign it and submit it**. To be valid, the Claim Request must be completed fully and accurately, signed and submitted timely. A Claim Request may be submitted by mail to the claims administrator at: Tripp v. Berman, c/o [ADMINISTRATOR AT PO BOX], or electronically via the Settlement Website [*click here*].

If you are submitting your claim via the Settlement Website, it must be submitted no later than [INSERT DATE – PROPOSE 60 days after Notice Deadline]. If you are mailing your Claim Request to the claims administrator, it must be postmarked by that date.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

**12.  When would I receive a settlement payment?**

The Court will hold a hearing on [INSERT DATE – PROPOSE 149 days after preliminary approval] to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Request will be informed of the progress of the settlement through information posted on the Settlement Website at http://www.keoghlaw.com/class-notices-and-news/. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13.  How do I get out of the settlement?**

If you want to keep the right to sue or continue to sue Defendants or a released party, as defined in the settlement agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send an exclusion request to the claims administrator.  To be valid, an exclusion request must:  (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name, address, and phone number(s) of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I, the undersigned individual, hereby request to be excluded from the settlement in Tripp v. Berman and Velocity, and I understand that I will not be entitled to receive any payment from the Settlement." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than [INSERT DATE – propose 60 days after Notice Deadline] to the claims administrator at Tripp v. Berman, c/o [INSERT ADMIN PO BOX].**

**14.  If I do not exclude myself, can I sue Defendants for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Defendants or any released parties for the claims that this settlement resolves.

**15. If I exclude myself, can I get a benefit from this settlement?**

No. If you ask to be excluded, you will not be able to submit a Claim Request for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and expenses and/or service award.

To object, you must make your objection in writing, stating that you object to the settlement in *Tripp v. Berman & Rabin P.A. and Velocity Investments, LLC*, Case No. 2:14-cv-2646-DDC (D. Kan.). To be considered by the Court, the written objection must: (i) attach documents establishing, or provide information sufficient to allow the parties to confirm that the objector is a Settlement Class Member; (ii) include a statement of the specific objections; and (iii) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than [INSERT DATE – Propose 60 days after Notice Deadline].**

For Plaintiff:

Michael S. Hilicki, Esq.
Keogh Law, Ltd.
55 West Monroe St., Ste. 3390
Chicago, IL 60603

For Defendants:

David Larson
Martin, Pringle, Oliver, Wallace & Bauer, LLP
4435 Main Street, Suite 920, Kansas City, MO 64111

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Request. If you object but fail to submit a Claim Request, you will not receive any monetary award.**

**17. What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

**18.  What happens if I do nothing at all?**

If you do nothing, you will not receive any monetary award and you will give up your rights to sue Defendants and/or any other released parties on a released claim. For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at [TIME] on [INSERT DATE - PROPOSE 149 days after preliminary approval] at the United States District Court for the District of Kansas, U.S. District Court, 444 S.E. Quincy, Suite 405, Topeka, Kansas 66683. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiffs.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

**20.  Do I have to come to the hearing?**

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than [INSERT DATE – PROPOSE 60 days after Notice Deadline]. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

**22.  How do I get more information?**

This notice is only a summary of the proposed settlement. You can get a copy of the settlement agreement by visiting the Settlement Website, http://www.keoghlaw.com/class-notices-and-news/, or you can call Class Counsel with any questions at 866.726.1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, DEFENDANTS OR DEFENDANTS'S COUNSEL ABOUT THE SETTLEMENT.  ALSO,**

**TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# Exhibit 4
<u>Order of Final Approval</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Mary Tripp, | |
| Plaintiff, | Case Number: 14-cv-2646-DDC-GEB |
| vs. | |
| Berman & Rabin P.A. | |
| And | Class Action |
| Velocity Investments, LLC, LLC | |
| Defendants. | |

## [PROPOSED] FINAL ORDER APPROVING SETTLEMENT AND FINAL JUDGMENT

This Court having considered: the Settlement Agreement and Release, dated [DATE], including all Exhibits thereto (the "Agreement"), between Plaintiff, Mary Tripp, on behalf of herself and the Settlement Class (as defined therein) and Berman & Rabin, P.A. and Velocity Investments, LLC ("Defendants"), and all matters relating to the same, and having held a hearing on _____, 2016, and considered all of the submissions and arguments with respect thereto, and otherwise being fully informed in the premises, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1.     This Order of Final Approval incorporates herein and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms as defined in the Agreement shall have the same meanings for purposes of this Order of Final Approval.

2.     The Court has personal jurisdiction over the Class Representative, Settlement Class Members, and Defendants for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3.      The Settlement Class, comprising the classes certified by the Court on September

29, 2015, includes:

> Class A: All persons who, during the period from October 31, 2013 to October
> 31, 2014, lived in the state of Kansas and received a letter from Berman & Rabin,
> P.A. containing the following language:
>
> Re:      Your indebtedness to: [*Creditor Name*]
>
> > Balance: [$X,XXX], [$X,XXX] accrued interest and/or late charges,
> > attorney fees (where applicable), the exact amount to be determined by
> > agreement between you and us or by a court, [XX%] interest per annum
> > from [*Date*].
>
> Class B: All persons who, during the period from October 31, 2013 to October 31,
> 2014, lived in the state of Kansas and received a letter from Berman & Rabin,
> P.A., on behalf of Velocity Investments, LLC, containing the following language:
>
> Re:      Your indebtedness to: Velocity Investments, LLC
>
> > Balance: [$X,XXX], [$X,XXX] accrued interest and/or late charges,
> > attorney fees (where applicable), the exact amount to be determined by
> > agreement between you and us or by a court, [XX%] interest per annum
> > from [*Date*].[1]

However, excluded from the Settlement Class is any individual who properly opted out of the

Settlement Class pursuant to the procedure described in the Agreement and this Court's Order

certifying the settlement class and granting preliminary approval of the settlement (ECF. ___,

"Preliminary Approval Order").

4.      The record shows that Class Notice has been given to the Settlement Class in the

manner approved by the Court in its Preliminary Approval Order.  The Court finds that such Notice:

(i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably

calculated, under the circumstances, to apprise Settlement Class Members of the terms of the

Agreement and Class Settlement, and Settlement Class Members' right to object to or exclude

---

[1] See ECF No. 58, pp. 5-6. "The content of the bracketed information in each letter will differ
depending on the specific facts that apply to each recipient." *Id*. at p.6.

themselves from the Settlement Class and appear at the Fairness Hearing held on

_____, (iii) constitutes due, adequate, and sufficient notice to all persons or entities

entitled to receive notice; and (iv) meets the requirements of due process and Fed. R. Civ. P. 23.

5.      No persons, other than those on the list submitted by Class Counsel in connection

with their memorandum in support of final approval, have excluded themselves from the

Settlement Class. This Order shall have no force or effect on the excluded persons.

6.      The Court finds that arm's-length negotiations before Magistrate Judge Birzer that

resulted in this settlement occurred in good faith between Class Counsel and Counsel for

Defendants.

7.      The Court has considered all of the factors enumerated in Fed. R. Civ. P. 23(g) and

finds that Class Counsel have fairly and adequately represented the interests of the Settlement

Class.

8.      Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects

the Class Settlement set forth in the Agreement (the "Class Settlement") and finds that the Class

Settlement, the Agreement, and the plan of distribution as set forth in the Agreement, are, in all

respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

9.      The Parties are hereby directed to implement and consummate the Class Settlement

according to the terms and provisions of the Agreement. The claims against Defendants on behalf

of the Settlement Class in *Tripp v. Berman & Rabin, P.A. and Velocity Investments, LLC*, Case

No. 14-cv-2646-DDC-KMH (D. Kan.), are hereby dismissed with prejudice and without costs to

any party, except as otherwise provided herein.

10.     Upon the Effective Date of the Agreement, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the Releasees (as defined in the Agreement) from their respective Released Claims (as defined in the Agreement).

11.     Nothing in this Order, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or any Releasee.

12.     Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) and 52(a) for an award of attorneys' fees and costs. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     This Settlement confers substantial benefits on the Settlement Class Members, as the Settlement Class may be recovering substantially more than the maximum statutory damages that would have been available under the FDCPA than if the case had been litigated to judgment;

(b)     The value conferred on the Settlement Class is immediate and readily quantifiable because, upon this judgment becoming Final under the terms of the Agreement, Settlement Class Members who have submitted valid Settlement Claim Forms will receive cash payments;

(c)     Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case, and succeeded in obtaining certification of the class;

(d)     This Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)     This Settlement was reached following considerable negotiation between Class Counsel and Counsel for Defendants, facilitated by Magistrate Judge Birzer, and was negotiated in good-faith and in the absence of collusion;

(f)     Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel would receive an award of attorneys' fees and costs in an amount agreed by the parties or determined by the Court, and that the award would not reduce or otherwise affect the Settlement Class Members' recovery;

(g)     The parties did not begin to negotiate the amount of the attorneys' fees and cost award until after determining what benefits the Settlement Class would receive;

(h)     ___ member(s) of the Settlement Class has (have) submitted written objection(s) to the proposed award of attorneys' fees and costs; and

(i)     The requested fee and cost award is consistent with statutory attorneys' fee awards in other class actions under the FDCPA.

13.     Accordingly, Class Counsel's request for an award of attorneys' fee and costs is hereby approved in the amount of $_____. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded among Class Counsel.

14.     Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Order, to protect and effectuate this Order, and for any other necessary purpose. The Class Representative, Settlement Class Members, and Defendants are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the

Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes.

15.     No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute any action or proceeding against any or all of the Releasees in any court or tribunal asserting any of the Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.


Date: _____          _____

                                                Hon. Daniel D. Crabtree

# Exhibit 5
## Settlement Claim Form

***Tripp v. Berman & Rabin, P.A. and Velocity Investments, LLC,*** **Case No. 14-cv-2646-DDC-GEB**
**U.S.D.C. District of Kansas**

_____, Settlement Administrator        Toll-Free Number: 1-866-726-1092
PO Box [_____]                              Website: http://www.keoghlaw.com/class-notices-and-news/
[_____]

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

# CLAIM REQUEST

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
**ALL** OF THE INFORMATION BELOW AND YOU **MUST** SIGN THIS CLAIM REQUEST FORM.  IF THIS CLAIM
REQUEST FORM IS SUBMITTED ONLINE, YOU **MUST** SUBMIT AN ELECTRONIC SIGNATURE.  If mailed, mail
this form to [INSERT ADMINISTRATOR PO BOX FOR SETTLEMENT]

YOUR CLAIM REQUEST FORM MUST BE **SUBMITTED ELECTRONICALLY OR POSTMARKED ON OR BEFORE**
[INSERT DATE - propose 60 days after Notice Deadline].

1. **CLAIMANT INFORMATION:**

_____     _____     _____

FIRST NAME                      MIDDLE NAME          LAST NAME

_____

ADDRESS 1

_____

ADDRESS 2

_____     _____   _____ - _____

CITY                                                  STATE      ZIP          (optional)

_____     _____

TELEPHONE NUMBER (optional)                           E-MAIL ADDRESS (if available)

2. **AFFIRMATION:**

By signing below, I attest that the information above is true and accurate. This Claim Form may be researched and verified by the
Claims Administrator.

Signature: _____

Name (please print): _____

Date: _____

## QUESTIONS?
## VISIT http://www.keoghlaw.com/class-notices-and-news/
## OR CALL Class Counsel at 866.726.1092.