## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARY TRIPP,

        **Plaintiff,**

v.

                                         Case No. 14-CV-2646-DDC-GEB

BERMAN & RABIN, P.A. and
VELOCITY INVESTMENTS, LLC,

        **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Mary Tripp's unopposed Motion for

Preliminary Approval of Class Action Settlement (Doc. 67).  Plaintiff, on behalf of herself and

two certified classes, asks the court to approve preliminarily a Settlement Agreement and

Release (Doc. 67-1) resolving all claims against defendants Berman & Rabin, P.A. ("Berman")

and Velocity Investments, LLC ("Velocity").  Plaintiff also asks the court to approve the form

and manner of notice to class members and set a schedule governing notice and final settlement

approval.  For the following reasons, the court grants each one of plaintiff's requests.

### I.   Factual Background

Velocity purchases portfolios of consumer receivables and liquidates them through debt

collection processes.  Berman is a Kansas law firm specializing in recovering consumer debts.

On January 29, 2014, Berman sent plaintiff a form debt collection letter on behalf of Velocity.

That letter described plaintiff's debt as: "Balance:  $10,717.97, $2,959.92 accrued interest

and\or late charges, attorney fees (where applicable), the exact amount to be determined by

1

agreement between you and us or by a court, 10% interest per annum from April 27, 2011."
Doc. 16-1.

Plaintiff filed this class action lawsuit, seeking to represent two classes of persons.  The first class received debt collection letters from Berman, containing language nearly identical to that in plaintiff's debt collection letter.  The second class received similar debt collection letters from Berman on behalf of Velocity.  Plaintiff contends that defendants' failure to specify whether each recipient's debt included attorney's fees and, if so, the amount of those fees violates two provisions of the Fair Debt Collection Practices Act ("FDCPA").

On January 16, 2015, plaintiff filed an amended motion for class certification (Doc. 16). The court granted that motion on September 29, 2015, certifying the following classes under Fed. R. Civ. P. 23(b)(3):

> Class A:  All persons who, during the period from October 31, 2013 to October 31, 2014, lived in the state of Kansas and received a letter from Berman & Rabin, P.A. containing the following language:
>
> Re:   Your indebtedness to: [*Creditor Name*]
>       Balance:  [$X,XXX], [$X,XXX] accrued interest and/or late charges, attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court, [XX%] interest per annum from [*Date*].
>
> The content of the bracketed information in each letter will differ depending on the specific facts that apply to each recipient.
>
> Class B:  All persons who, during the period from October 31, 2013 to October 31, 2014, lived in the state of Kansas and received a letter from Berman & Rabin, P.A., on behalf of Velocity Investments, LLC, containing the following language:
>
> Re:   Your indebtedness to: Velocity Investments, LLC
>       Balance:  [$X,XXX], [$X,XXX] accrued interest and/or late charges, attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court, [XX%] interest per annum from [*Date*].

The content of the bracketed information in each letter will differ depending on the specific facts that apply to each recipient.

Doc. 58 at 5-6.

On January 15, 2016, plaintiff filed her unopposed motion asking the court to approve the parties' class action settlement preliminarily.  In it, plaintiff asserts that "after discovery, contested class certification proceedings, and a formal mediation with Magistrate Judge [Gwynne E.] Birzer, the parties were able to reach a settlement that resolves the claims of [p]laintiff and the Settlement Class[es]."  *Id*. at 1.  Plaintiff thus asks the court to:  (1) approve preliminary the parties' proposed settlement agreement; (2) approve the form and manner of notice set out in plaintiff's motion; and (3) adopt a proposed notice and settlement approval schedule.  The court addresses each request, in turn, below.

## II.  Preliminary Settlement Approval

### A.  Legal Standard

Parties to a class action may settle the claims of a certified class only with court approval. Fed. R. Civ. P. 23(e).  The court may approve a class settlement if it finds that the proposed settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  To that end, our Circuit has articulated four factors that district courts must consider when assessing whether a proposed class settlement is "fair, reasonable, and adequate":

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

The settlement approval process typically occurs in two phases.  First, the court considers whether preliminary approval of the settlement is appropriate.  *See* William B. Rubenstein, Newberg on Class Actions § 13:10 (5th ed.); *Freebird, Inc. v. Merit Energy Co.*, No. 10-1154-KHV, 2012 WL 6085135, at *4 (D. Kan. Dec. 6, 2012).  "If the Court grants preliminary approval, it directs notice to class members and sets a hearing at which it will make a final determination on the fairness of the class settlement."  *In re Motor Fuel Temperature Sales Practices Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012); *see also* Newberg on Class Actions § 13:10 ("[T]he court's primary objective [at the preliminary approval stage] is to establish whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a final fairness hearing.").  Second, "taking account of all of the information learned during [the preliminary approval] process, the court decides whether or not to give 'final approval' to the settlement."  Newberg on Class Actions § 13:10.

Because preliminary approval is just the first step, courts apply a "less stringent" standard than that at final approval.  *Freebird*, 2012 WL 6085135, at *5.  "[D]istrict courts have developed a jurisprudence whereby they undertake *some* review of the settlement at preliminary approval, but perhaps just enough to ensure that sending notice to the class is not a complete waste of time."  Newberg on Class Actions § 13:10 (emphasis in original).  "The general rule is that a court will grant preliminary approval where the proposed settlement is neither illegal nor collusive and is within the range of possible approval."  *Id.* (internal citation omitted).  "While the Court will consider [the *Rutter*] factors in depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well."  *In re Motor Fuel Temperature Sales Practices Litig.*, 286 F.R.D. at 502-03.

4

### B.  Overview of the Proposed Settlement

Defendants have agreed to pay $6,500 into a common settlement fund to satisfy the claims of both settlement classes.  Each class member who submits a claim form will receive a *pro rata* share of the settlement fund.  Also, defendants will pay separately:  (1) the costs of preparing and sending individual notice to class members; (2) the costs of publishing additional notice, if necessary; (3) the costs associated with handing and disbursing the settlement fund; and (4) $2,000 to plaintiff, as class representative.  *See* Doc. 67 at 6-7; Doc. 67-1 at 7.  Plaintiff contends that this separate payment is not an "incentive award" compensating her for service to the classes.  Instead, plaintiff asserts that she "will only receive the maximum statutory damages recoverable for an individual plaintiff [under the FDCPA], or $1,000 from each [d]efendant."  Doc. 67 at 7 (citing 15 U.S.C. § 1692k(a)(2)(A)).

The parties have yet to identify a Claims Administrator to administer the proposed settlement agreement.  But, once selected, the Claims Administrator will notify class members about the settlement and the settlement procedures.  It also will process and tabulate opt-out requests and objections.  And the Administrator will receive, process, classify, and pay claims as directed by the settlement agreement and the court.  Within 14 days of a final order approving the settlement agreement, defendants will pay $8,500 to the Claims Administrator.  In turn, the Claims Administrator will pay plaintiff and distribute the remaining $6,500 among class members who submit a timely claim.

Defendant also will pay plaintiff's attorney's fees and expenses within 14 days of a final order approving the settlement agreement.  Plaintiff's motion states that the "parties are currently negotiating the attorney's fees and costs award and, if they cannot reach an agreement by the time the settlement is brought before the Court for final approval, class counsel will petition the

Court for an award of attorney's fees and costs from [d]efendant." Doc. 67 at 7. In that situation, the settlement agreement designates plaintiff and both classes as prevailing parties "[s]olely for the purpose of this Settlement and any such petition." *Id*. at 9.

### C. Analysis

Having analyzed the *Rutter* factors using the relaxed standard applied at this approval stage, the court finds that all four factors favor preliminary approval of the proposed settlement agreement. *See Rutter & Willbanks Corp.*, 314 F.3d at 1188.

First, the court concludes that the parties negotiated the proposed settlement fairly and honestly. The parties conducted discovery, engaged in contested class certification briefing, and mediated the case before Magistrate Judge Birzer. And after mediation, the parties, "over the course of more than a month, negotiated the final terms and drafted the necessary papers . . . attendant to the Settlement." Doc. 67 at 5. The contested nature of this suit, the engagement of a neutral mediator, and the extensive negotiation process constitute evidence that the parties negotiated the settlement agreement fairly and honestly. This factor thus favors preliminary approval.

Second, serious questions of law and fact exist, and the outcome of plaintiff's action remains in doubt. The court has yet to address the merits of plaintiff's claims. And defendants here "vigorously deny" liability. *Id*. at 1. Thus, at this stage of litigation, the second factor also favors preliminary approval.

Third, the court finds that the value of an immediate recovery, as set out in the proposed settlement agreement, outweighs the potential for future relief after protracted and expensive litigation. Indeed, the parties contend that the proposed settlement provides each "class with more than the maximum statutory damages available under the FDCPA." Doc. 67 at 1. In a

class action lawsuit, the FDCPA limits a debt collector's total civil liability to the lesser of $500,000 or 1% of the collector's net worth.  15 U.S.C. § 1692k(a)(2)(B).  Here, the parties estimate that defendants' collective net worth is so low that, even if plaintiff prevails at trial, each class member would recover only $2.63.[1]  By contrast, if all class members submit a claim under the proposed settlement agreement, each one will receive $5.41.[2]  Because the proposed settlement assures class members a recovery greater than that possible after a successful trial on the merits, this factor favors preliminary approval.

Last, plaintiff is represented by experienced class counsel.  They have certified that they believe "the settlement is fair, reasonable[,] and adequate."  Doc. 67-2 at 1; Doc. 67-3 at 3.  The court thus finds that the fourth factor favors preliminary approval.

In sum, all four *Rutter* factors favor preliminary approval.  The court thus grants preliminary approval of the parties' proposed settlement agreement.

## III.  Notice

### A.  Legal Standard

Having approved the settlement agreement preliminarily, the court next considers the content, form, and manner of notice that the parties propose to have the Claim Administrator send to class members.  When the court certifies a class action under Fed. R. Civ. P. 23(b)(3), it "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

---

[1]     Plaintiff's motion estimates, based on "information produced by [d]efendants, that the Class contains about 1,200 members."  Doc. 67 at 6.

[2]     Although the minimum *pro rata* share of the settlement fund a class member might receive is $5.41, plaintiff "expects each class member who submits a claim to recover about $105 based on a standard 5% claim rate."  Doc. 67 at 6-7.

Fed. R. Civ. P. 23(c)(2)(B).  The notice must "clearly and concisely state in plain, easily

understood language":

> (1) the nature of the action;
>
> (2) the definition of the class certified;
>
> (3) the class claims, issues, or defenses;
>
> (4) that a class member may enter an appearance through an attorney if the member so desires;
>
> (5) that the court will exclude from the class any member who requests exclusion;
>
> (6) the time and manner for requesting exclusion; and
>
> (7) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*

Also, as part of Rule 23's settlement approval process, "[t]he court must direct notice in a

reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P.

23(e)(1).  Rule 23(e), however, creates a less stringent notice standard than Rule 23(c)(2)(B).

Rule 23(c)(2) requires notice of the pendency of the class action to be "the best notice that is

practicable under the circumstances."  Such notice is essential "to ensure that class members who

desire to pursue their own claims individually have the opportunity to exercise their right to opt

out of the class."  *Gottlieb v. Wiles*, 11 F.3d 1004, 1012 (10th Cir. 1993), *abrogated on other

grounds by Devlin v. Scardelletti*, 536 U.S. 1 (2002).  By contrast, Rule 23(e) requires only

"reasonable notice to all class members who would be bound" by the proposed settlement.  Fed.

R. Civ. P. 23(e)(1).

"In addition to the requirements of Rule 23, the [C]onstitution's Due Process Clause also

guarantees unnamed class members the right to notice of certification or settlement."  *DeJulius v.

New England Health Care Emps. Pension Fund*, 429 F.3d 935, 943-44 (10th Cir. 2005) (citing

8

U.S. Const. amend. V).  "For due process purposes, rather than looking at actual notice rates, our precedent focuses upon whether the district court gave 'the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.'"  *Id.* at 944 (quoting *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001)).  "The legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are coextensive and substantially similar."  *Id.*

The court granted plaintiff's motion for class certification on September 29, 2015.  But class members have not yet received any notice of this class action or the proposed settlement. Thus, the court must direct that they receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).

The "best notice practicable" does not necessarily mean actual notice—*e.g.,* mailed individual notice.  *DeJulius*, 429 F.3d at 944.  Instead, notice by publication can satisfy Rule 23 and due process when the parties do not know the class members' identities.  *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 320 (1950)).  However, "[i]ndividual notice to identifiable class members is not a discretionary consideration that can be waived in a particular case; rather, it is 'an unambiguous requirement of Rule 23.'"  *Better v. YRC Worldwide, Inc.*, No. 11-2072-KHV, 2015 WL 566962, at *3 (D. Kan. Feb. 11, 2015) (quoting *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176 (1974)).

### B.  Proposed Notice

The settlement agreement provides that the Claims Administrator will mail individual notice to each class member at the address contained in defendants' records.  Doc. 67-1 at 10-11. This mailed notice will inform the recipient about the lawsuit and that the class member might be

9

a member of a certified class.  *See id*. at 35-38.  It summarizes the settlement, the recipient's

potential recovery, and the claim submission procedure.  *Id*.  Also, the mailed notice briefly

explains the process for opting out or objecting to the proposed settlement and, for additional

information, directs recipients to a website maintained by class counsel.  *Id*.

    Class counsel's website supplements the notice mailed to individual class members.  *See*

*id*. at 39-48.  It provides comprehensive information about the settlement, including the

procedures required to make a claim, object to the settlement, or opt-out, as well as the

consequences of taking no action.  *Id*.  Class counsel will post on its website a copy of the state

court Petition (Doc. 8-1 at 2), the Memorandum and Order granting class certification (Doc. 58),

the proposed settlement agreement, and this Order for class members to review.  Doc. 67-1 at 11.

Class counsel's website also will include a claim form for class members to complete, a process

for filing a claim online, and a toll-free phone number for class counsel.  *See id*. at 39-49.

Plaintiff proposes that the court grant class members 60 days after the Claims Administrator has

mailed individual notice to review the settlement information and either submit a claim, opt-out,

or object to the settlement.  Doc. 67 at 11.

    If individual notice will not reach at least 70% of class members, as Federal Judicial

Center guidelines recommend, then the settlement agreement provides that the parties will

publish notice "in a location/publication to be agreed upon by the parties' counsel (or set by the

Court if there's no agreement)."  *Id*. at 11-12.  The settlement agreement also required

defendants to "serve any notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §

1715," within ten days after the parties filed for preliminary approval.  *Id*. at 12.  Defendants

assert that they fulfilled this obligation on January 25, 2016, by sending notice of the proposed

settlement to the Attorney General of the United States and the Attorney General of Kansas. *See*

Doc. 68.

### C. Analysis

The court approves the content, form, and manner of notice proposed by the parties.

Considered together, the mailed notice and class counsel's website provides class members with

the information that Fed. R. Civ. P. 23(c)(2)(B) requires.  And individual, mailed notice directing

members to class counsel's website affords the "best notice practicable under the

circumstances."  Fed. R. Civ. P. 23(c)(2)(B); *see also Hershey v. ExxonMobil Oil Corp.*, No. 07-

1300-JTM, 2012 WL 1205724, at *1 (D. Kan. Apr. 11, 2012) (concluding that individual, mailed

notice to class members combined with a website setting out additional information "satisfied the

standards of due process and Rule 23").  The court also concludes that 60 days is sufficiently

long for class members to review the settlement information, weigh their options, and select a

course of action.  *See DeJulius*, 429 F.3d at 945-47 (affirming notice program granting majority

of class members less than 32 days to respond to proposed class settlement); *Geiger v. Sisters of*

*Charity of Leavenworth Health Sys., Inc.*, No. 14-2378, 2015 WL 4523806, at*5 (D. Kan. July

27, 2015) (approving schedule giving class members 28 days to opt-out or object to class action

settlement).  The court thus approves the proposed notice.

### IV.  Settlement Schedule

Next, plaintiff proposes that the following schedule govern notice, the receipt and

computation of claims, opt-outs, and objections filed by class members, and the final settlement

hearing.  Finding the proposed schedule reasonable, the court approves and adopts it, as set out

below.

| August 22, 2016 | **Notice Deadline -** Claims Administrator must send notice to individual class members by this date. |
|---|---|
| October 21, 2016 | **Opt-Out and Objection Deadline -** Last day for class members to file objections or to submit requests for exclusion from the proposed settlement. |
| October 21, 2016 | **Claim Deadline -** Last day for class members to submit a claim form. |
| November 21, 2016 | **The parties must file**:<br>(1) A list of persons who made timely and proper requests for exclusion (to be filed under seal);<br>(2) Proof of class notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections to the proposed settlement agreement. |
| December 15, 2016 at 9:00 a.m. | **Final Fairness Hearing**<br>U. S. District Court for the District of Kansas<br>Frank Carlson Federal Building<br>Courtroom 401<br>444 S.E. Quincy<br>Topeka, Kansas 66683 |

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for Preliminary Approval of Class Action Settlement (Doc. 67) is granted.

**IT IS SO ORDERED.**

**Dated this 6th day of July, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**

**Daniel D. Crabtree**
**United States District Judge**