**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARY TRIPP,**<br><br>           **Plaintiff,**<br><br>v.<br><br>**BERMAN & RABIN P.A. and VELOCITY INVESTMENTS, LLC,**<br><br>           **Defendants.** | Case No.  14-CV-2646-DDC-GEB |

**MEMORANDUM AND ORDER**

This matter comes before the court on court on plaintiff Mary Tripp's Motion for Final Approval of Class Action Settlement (Doc. 77).  Plaintiff, on behalf of herself and two certified classes, asks the court to approve the Settlement Agreement and Release (the "Agreement") (Doc. 77-1) resolving all claims against defendants Berman & Rabin, P.A. ("Berman") and Velocity Investments, LLC ("Velocity").  Defendants responded.  (Doc. 78).  The court has considered the Settlement Agreement and Release (Doc. 77-1) and the corresponding exhibits. The court held a fairness hearing on December 15, 2016.  For the reasons outlined below, the court grants plaintiff's Motion for Final Approval of Class Action Settlement.

   **I.     Background**

Velocity purchases portfolios of consumer receivables and liquidates them through debt collection processes.   Berman is a Kansas law firm specializing in recovering consumer debts. On January 29, 2014, Berman sent plaintiff a form debt collection letter on behalf of Velocity. That letter described plaintiff's debt as:  "Balance:  $10,717.97, $2,959.92 accrued interest and\or

1

late charges, attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court, 10% interest per annum from April 27, 2011." Doc. 16-1.

Plaintiff filed this class action lawsuit, seeking to represent two classes of persons. The first class received debt collection letters from Berman, containing language nearly identical to that in plaintiff's debt collection letter. The second class received similar debt collection letters from Berman on behalf of Velocity. Plaintiff contends that defendants' failure to specify whether each recipient's debt included attorney's fees and, if so, the amount of those fees violates two provisions of the Fair Debt Collection Practices Act ("FDCPA").

On January 16, 2015, plaintiff filed an amended motion for class certification (Doc. 16). The court granted that motion on September 29, 2015, certifying the following classes under Fed. R. Civ. P. 23(b)(3):

> Class A: All persons who, during the period from October 31, 2013 to October 31, 2014, lived in the state of Kansas and received a letter from Berman & Rabin, P.A. containing the following language:
>
> Re:     Your indebtedness to: [*Creditor Name*]
> Balance: [$X,XXX], [$X,XXX] accrued interest and/or late charges, attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court, [XX%] interest per annum from [*Date*].
>
> The content of the bracketed information in each letter will differ depending on the specific facts that apply to each recipient.
>
> Class B: All persons who, during the period from October 31, 2013 to October 31, 2014, lived in the state of Kansas and received a letter from Berman & Rabin, P.A., on behalf of Velocity Investments, LLC, containing the following language:
>
> Re:     Your indebtedness to: Velocity Investments, LLC
> Balance: [$X,XXX], [$X,XXX] accrued interest and/or late charges, attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court, [XX%] interest per annum
> m [*Date*].
> m [*Date*].
>
> The content of the bracketed information in each letter will differ depending on

the specific facts that apply to each recipient.

Doc. 58 at 5-6.

The parties filed Notice of Settlement on November 20, 2015.  Doc. 63.  The court approved plaintiff's Motion for Preliminary Approval of Class Action Settlement (Doc. 67) on July 7, 2016, finding that the four factors outlined in *Rutter v. Wilbanks Corp.*, 314 F.3d 1180 (10th Cir. 2002) favored preliminary approval.  Doc. 69 at 6; *see also Rutter v. Wilbanks Corp.*, 314 F.3d at 1888 (outlining the four factors our Circuit considers when assessing whether a class settlement is "fair, reasonable, and adequate").  The parties now seek the court's final approval of the class action settlement.

## II.     Analysis

Under Fed. R. Civ. P. 23(e), any "settlement, compromise or dismissal of certified class claims" requires court approval.  *Freebird, Inc. v. Merit Energy Co.*, No. 10-1154-KHV, 2012 WL 6085135, at *4 (D. Kan. Dec. 6, 2012).  The court may approve a settlement if it finds that the putative settlement "is fair, reasonable and adequate." *Id*; *see also* Fed. R. Civ. P. 23(e)(2).

To determine whether a proposed settlement is fair, reasonable and adequate, the court considers the following factors:  (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) whether the judgment of the parties that the settlement is fair and reasonable.  *Rutter*, 314 F.3d at 1888.

At the preliminary approval stage, the court found that the proposed settlement agreement satisfied these but deferred a final decision, of course, pending notice to the class members and a full fairness hearing.  Doc. 69.  Since then, notice was sent to all 847 Class Members.  Only 168

3

of the 847 notices were returned undeliverable. Of the notified Class Members, 91 filed timely, valid claims. Defendants do not object to Plaintiff's Motion for Final Approval.[1] Settlement Class Members who submitted valid and timely claim forms will receive a pro rata share of the Settlement Fund.

According to the Agreement, defendants will pay $8,500 to the Claims Administrator within 14 days after the Effective Date. Of this $8,500, $2,000 will be paid to Mary Tripp, the only named plaintiff and the class representative. The remainder will be distributed pro-rata to the Settlement Class Members who submitted valid, timely claims. This amounts to approximately $71.42.[2] This amount far exceeds the $2.63 that each class member could receive as maximum statutory damages under the FDCPA. 15 U.S.C. § 1692k(a)(2)(B).

At the fairness hearing, the court inquired about the disparity between Ms. Tripp's recovery ($2,000) and the amount (about $70) that each class member stands to receive. Counsel reminded the court that the FDCPA's damage scheme establishes different recoveries for plaintiffs who sue successfully in their own name *vis-à-vis* class members who recover as members of a successful class. The former recover $1,000 under 15 U.S.C. § 1692k(a)(2)(B)(i); the latter, under §1692k(a)(2)(B), recover no more than their pro rata share of $500,000 or 1% of defendant's net worth, whichever is less. As applied here, these statutory measures allowed: (a) the named plaintiff to recover $2,000 because there are two settling defendants; and (b) the class members to recover about $70 each (which is more than they would have recovered under the net

---

[1] Defendants note that the parties have not reached an agreement for an award of attorney's fees. Defendants object to any premature language in Plaintiff's Motion that relates to attorney's fees and expenses, given that the parties have not yet reached an agreement about the fee award. Defendants have reserved the right to object to the reasonableness of plaintiff's proposed fee award.

[2] Three Settlement Class Members filed claims after the deadline. Their claims were otherwise valid. The Members filed these claims within a few weeks of the deadline and paying these claims will reduce the Class Members' pro rata share just minimally – from $71.42 to $69.14. The court thus directs that these Members be paid from the settlement along with the Settlement Class.

worth damage option). To put it bluntly, class counsel explained, the disparity wasn't his idea. It was Congress' idea.

This answer certainly explains why the disparity exists, but it does not explicitly address the concern that prompted the court's inquiry. Namely, does this disparity in recovery nullify the class representative's capacity to satisfy the typicality and adequacy requirements of Rule 23(a)? Class counsel argued that it did not because, as President Kennedy often said, "A rising tide lifts all boats." In other words, counsel argued, without Ms. Tripp's willingness to put her name on a Complaint and expose herself to the risks that an unsuccessful plaintiff might have to bear, the class members would have recovered nothing. And to his credit, class counsel supplemented his oral argument with a post-hearing submission. It identifies 10 cases where federal district courts have approved class settlements even though the named plaintiff's recovery of statutory damages far outstripped the class members' take. *See*, *e.g.*, *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016). There, the settlement called for the named plaintiff/class representative to receive $1,000 statutory damages and for the 901 participating class members to receive $15.10. *Id.* at 678, 684. After a thorough analysis, the Northern District of California court approved the settlement. *Id.* at 691.

Class counsel's argument and most of his legal authority is persuasive. Ms. Tripp is an adequate class representative.[3] As explained above, the settlement of her lawsuit permitted the class members to recover an amount they would not have received without her effort. Also, no

---

[3] Counsel represented that Ms. Tripp's award is not an "incentive award," which is sometimes awarded to the representative plaintiff for the "effort [p]laintiff has taken to pursue the class' claims." *Weissman v. Philip C. Gutworth, P.A.*, No. 14-cv-00666, 2015 WL 333465, at *4 (D. New Jersey Jan. 23, 2015). The court would have serious reservations about approving any settlement that included an incentive award to the representative plaintiff which is almost 3000% more than each settlement class member would receive. The court doubts that such a representative plaintiff could be said to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). But, class counsel represented that Ms. Tripp's award is not an incentive award, and instead is what she may statutorily recover under the FDCPA. And the FDCPA appears to allow for higher recovery by the class representative.

5

one can have concerns that Ms. Tripp placed her interests above the interests of the class. Her personal recovery is limited to the statutory maximum, but the class members actually get more than the statutory maximum. Likewise, Ms. Tripp's FDCPA claims are typical of the class members – indeed, they are identical.

### III.   Order

1. This Order of Final Approval incorporates, the Agreement (Doc. 77-1), including all corresponding exhibits. Unless otherwise provided, the terms defined in the Agreement shall have the same meanings for purposes of this Order.

2. The Court has personal jurisdiction over the Class Representative, Settlement Class Members, and defendants for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3. The Court finds that arm's-length negotiations before Magistrate Judge Birzer that resulted in this settlement occurred in good faith between Class Counsel and Counsel for defendants.

4. The Court has considered all of the factors enumerated in Fed. R. Civ. P. 23(g) and finds that Class Counsel has fairly and adequately represented the interests of the Settlement Class.

5. Under Fed. R. Civ. P. 23(e), the Court, by this Order, finally approves the Class Settlement set forth in the Agreement (the "Class Settlement") in all respects. It also finds that the Class Settlement, the Agreement, and the plan of distribution set forth in the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

6. The Parties are directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement. The claims against defendants on behalf of the

Settlement Class in *Tripp v. Berman & Rabin, P.A. and Velocity Investments, LLC*, Case No. 14-cv-2646-DDC-GEB, are dismissed with prejudice and without costs to any party, except as otherwise provided in this Order.

7. Upon the Effective Date of the Agreement, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the Releases (as defined in the Agreement) from their respective Released Claims (as defined in the Agreement).

8. Nothing in this Order, the Agreement, or any related documents or statements, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by defendants or any Release.

9. Class Counsel plans to move under Fed. R. Civ. P. 23(h), 52(a) and 54 for an award of attorneys' fees and costs.  Under Rules 23(h)(3) and 52(a), the court makes the following findings of fact and conclusions of law:

    (a) This Settlement confers substantial benefits on the Settlement Class Members, as the Settlement Class may be recovering substantially more than the maximum statutory damages that would have been available under the FDCPA than if the case had been litigated to judgment;

    (b) The value conferred on the Settlement Class is immediate and readily quantifiable because, upon this judgment becoming Final under the terms of the Agreement, Settlement Class Members who have submitted valid Settlement Claim Forms will receive cash payments;

    (c) This Settlement was reached following considerable negotiation between Class Counsel and Counsel for defendants, facilitated by Magistrate Judge Birzer, and was negotiated in good-faith and in the absence of collusion;

10. The court will rule on Class Counsel's anticipated motion for an award of attorneys' fee and costs by separate order. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded among Class Counsel.

11. The court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and this order, and to supervise and to adjudicate any disputes arising from or in connection with distribution proceeds thereunder; provided, however, nothing in this Order creates subject matter jurisdiction to hear disputes where prevailing law does not confer such jurisdiction on the court.

12. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute any action or proceeding against any or all of the Releases in any court or tribunal asserting any of the Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

**IT IS SO ORDERED.**

**Dated January 9, 2017, at Topeka, Kansas.**

                **s/ Daniel D. Crabtree**
                **Daniel D. Crabtree**
                **United States District Judge**